Mr. Justice Walker delivered the opinion of the Court. A preliminary question of some importance is presented for our consideration, which we will proceed to examine. The action was scire facias to revive a judgment; an issue of nul tiel record was submitted to the Court, and decided for the defendant. The plaintiff excepted to the decision of the Court, and filed his bill of exceptions containing all of the evidence; no exceptions were taken in the progress of the trial, nor was any motion made to set aside the finding, and grant a new trial. The question, under this state of case, is, has this Court power to examine into and correct errors in the decision and judgment of the Court below ? This Court has power to correct errors of law, not of fact. It has nothing whatever to do with the facts, only so far as may become necessary to enable it to decide whether the law has been properly applied. It has no control over the verdict of a jury, when it is responsive to the issue, nor will it direct the verdict to be set aside, or in any manner disturbed, unless it has been improperly formed or influenced by the action of the Court} as by withholding from the jury proper and necessary evidence or permitting illegal and improper evidence to be given them; by refusing proper instructions, or giving such as are illegal and may mislead the jury; and, without enumerating the various other causes which might vitiate the finding of a jury, we will add that when none of these exist, it has also been held that it may be assigned for error that the Circuit Court refused to set aside the verdict of a jury, and grant a new trial because the finding was greatly contrary to the weight of evidence. But in every instance this Court proceeds to examine and correct the errors of law which may have prevented a fair and full determination of the facts. These principles have been recognized fully, and settled, as we think, correctly, in the cases of Ringo vs. Field, 1 Eng. 48. Clapp vs. Bromagham, 9 Cow. 577. Parsons vs. Armor et al., 3 Pet. 413. Real Estate Bank vs. Rawdon et al., 5 Ark. 574. Having said this much to define clearly the grounds upon which we rest our jurisdiction as a Court of errors, we will turn our attention to the case before us. It is contended, for the defendant, that, as this was a decision made by the Court upon the facts of the case, without exception or complaint of an improper application of the law to the facts, it is, therefore, a mere question of fact determined by the weight of evidence of which the Court, sitting as a jury, was the proper and sole judge, and consequently that there is no error of which this Court can lay hold or determine. This is admitted to be correct in cases where the facts are tried by a jury. We think, however, that there is a distinction to be observed between trials of fact by a jury and by a Court, which the counsel for the defendant has failed to take, and which we will proceed to show. The distinction is this: that the jury is presumed to act uninfluenced by the decisions or agency of the Court unless the contrary is made to appear of record by bill of exceptions or otherwise; whereas, where the facts are submitted to the Court, its decision is formed and influenced by its own opinion of the law to the same extent that the verdict of a jury would be under the instructions of the Court. It is difficult to conceive how the Court could rid itself of such influences, or how we are to determine when erroneous impressions of law have been infused into the decision itself. Can it be said that an application to the Court to instruct itself as to the law (which, to say the least of it, is rather an anomalous proceeding) would have this effect ? We think not. It is true that the opinion of the Court may be ascertained upon a given point; but we hold that the Court is as much bound to apply proper principle of law to its decisions without as with this application; and the safest and best test of the opinions of the Court upon the points of law arising in the case submitted to it for decision, is to compare the decision with the facts presented by bill of exceptions, and determine from this comparison whether, under the law when applied to the facts, the decision is correct, and if we find, upon such comparison and examination, that the decision is erroneous, we may reasonably suppose that such decision was the result of an improper application of the law to the facts. It is true that there is an objection that it is difficult in most cases to get the whole of the evidence (particularly parol evidence, which derives much of its weight from the deportment of the witness whilst deposing) before the appellate Court; and, for that reason, it is not the proper tribunal to decide upon the correctness of the verdict or decision made upon the evidence. This objection, however, applies, with equal force, in all other cases where evidence is pre- j sented for the consideration of the appellate Court; and it should be borne in mind that the Court does not examine the evidence to correct error of fact, but to enable it to decide whether the law has been properly administered in the investigation of facts. We understand the objection of counsel to be that the plaintiff should have moved for a new trial, and excepted to the opinion of the Court overruling it. Suppose this had been done, and the causes for new trial, that the decision was contrary to law and evidence. So far as the question of law was concerned, that had already been decided by the Court; being the judge of the law, it necessarily decided upon the facts according to its judgment of the law: and, as regards the facts, they are presented as fully upon exception to the decision on the trial as if taken upon the overruling the motion for a new trial, and if the Court should err in refusing a new trial, it must be because it had previously erred in the decision, for if the finding of the issue was right, it would surely be right to overrule the motion for a new trial. So that, in every point of view in which the question presents itself, the objection is rather technical than substantial. As a matter of practice, it will best subserve the ends of justice to enlarge rather than limit and fetter the rights of parties. We have carefully reviewed the decisions of this Court, and the other authorities to which counsel have referred. The case of The Real Estate Bank vs. Rawdon et al., (5 Ark. 566,) has a decided bearing upon the question before us. That case was submitted to the Court upon an agreed state of facts, which seems to have influenced the decision of the Court. There was a re-argument and reconsideration of the case, and an opinion delivered by a majority of the Court affirming the general principles which we think must govern this case. There was also a dissenting opinion in which a contrary doctrine was held. The leading authorities relied on in both Opinions have been examined : In the case of Parsons vs. Armor et al., (3 Peters 413,) which, as this case, was submitted to the Court and decided without the intervention of a jury, the facts were preserved on the record, and presented to the appellate Court without having taken the opinion of the Court below on the points of law arising in the case. The Court expressed its decided disapprobation of the practice, and, in conclusion, said: “ The present case is one which may be treated as a bill of exceptions or a case submitted,” and assumed jurisdiction of the case. In 16 Pet 169, the same state of case was presented. Justice Stouy, in delivering the opinion of the Court, refers to the case in 3 Peters, and re-iterates the disapprobation of the Court of the practice, but also considered the errors and reversed the judgment of the lower Court. In each of these cases, the Court seemed to attach importance to the fact that there was but slight conflict of evidence. In the case of Shelton vs. Clark ex., (2 Eng. 195,) the material facts are like the case under consideration. The issue of nul tiel record was submitted to the Court, who found the issue for the defendant. The plaintiff excepted, and saved the evidence by agreement on the record. The attention of the Court appears not to have been called directly to the point, but the Court entertained the error and reversed the decision of the Court below. In the case of Campbell vs. Thruston, (1 Eng. 442,) the question was not presented by counsel, but, upon inspection of the record, the Court decided that the plaintiff should have excepted to the opinion of the Court or moved for a new trial to entitle him to be heard upon error. We are of opinion that the distinction taken by this Court, in its opinion upon reconsideration of the case of Real Estate Bank vs. Rawdon et al., delivered by SebastiaN, J., between trials of fact submitted to a Court and a jury, is correct, and should govern this case. And this rule should apply, with increased force, to the case before us, for, in this case, the issue could not have been tried by a jury: it was an issue of nul tiel record, and could be tried alone by the Court upon inspection of the record. (3 Phil. Ev. Hill & Cow. notes 1133-4. 3 Hawk. R. 185. Baker vs. McCure, 2 Blackf. 14. Adams vs. Betz, 1 Watts 425.) The decisions in New York to the contrary are under a statute of that State regulating the practice. And a replication of nul tiel record to a plea of judgment, &c., is also to be tried by the Court. (3 Phil. Ev., Cow. & Hill's notes 1134. 6 Wheaton 129.) The issues were therefore exclusively for the consideration of the Court, as in the cases in 3d and 16th Peters, in which the Court, after deciding to extend the rule to an examination of voluminous records of evidence, said, that they did so the more readily because there could be no question as to what the evidence really was. So, in this case, the whole evidence is matter of record, and falls fully within the spirit of the rule observed by the Supreme Court of the United States. Having decided this question, we will turn to the facts presented to the Gourt below in support of the issues. Under the plea of mil tiel record, the proof was on the plaintiff. We find a valid record offered in evidence fully sustaining the allegation of the plaintiff Upon the second issue, the proof was on the defendant. There is a failure of proof to sustain the issue in this, that the writ of supersedeas offered in evidence supersedes a judgment purporting to have been rendered in October, 1841. The judgment sought to be revived, as shown from the pleadings, was rendered on the 14th October, 1840, which judgment the defendant plead had been superseded; for this variance the evidence was clearly insufficient to sustain the issue on the part of the defendant. If, however, it was not, this Court decided, at the July term, 1849, that the supersedeas did not affect the judgment, or in any manner supersede it: the proof for this would have been insufficient had it corresponded with the allegation. It is evident, therefore, that the Court erred in rendering judgment for the defendant upon the issues: the judgment of the Circuit Court must be reversed, and the cause remanded.