Mr. Chief Justice Johnson delivered the opinion of the Court. The objection taken to the finding and judgment is, that the testimony did not sustain the allegation. The indictment charges that Nathan M. Foster, Thomas B. Hanly, William Crumbaugh, William Parrott, Robert Harper, Gustavus V. C. Johnson, and Jonathan Goode, on the 11th October, A.D. 1848, with force and arms, in the county of St. Francis, in the State of Arkansas, at and upon a certain unlawful game at cards, commonly called pocre, then and there played at by the said Foster, Hanley, Crum-baugh, Parrott, Harper, Johnson, and Goode, and divers persons to the jurors unknown, then and there did bet a large sum of money, to wit: the sum of one dollar, contrary to the form of the statute, &c. The 8th sec. of ch. 51, Dig , which is the one upon which the indictment was framed, provides that, “ If any person shall be guilty oí betting any money or any valuable thing on any game of brag, bluff, pocre, seven-up, three-up, twenty-one, vigntun, thirteen cards, the odd trick, forty-five, whist, or at any other game of cards, known by any name now known to the laws, or with any other or new name, or without any name, he shall, on conviction, be fined in any sum not less than ten dollars, nor more than twenty five dollars.” The offences created by the 3d and 8th sections of the act are wholly and essentially different: the one consisting in the mere act of betting against a bank without the least regard to the agency by which it is carried on, and the other in that of betting upon a game which can only exist by means of being played by two or more individuals. To charge that a party bet upon the game of pocre without setting out the names of those persons, who, if known, played the game, would amount to no offence whatever. This construction of the 8th section is plainly inferable from the language of this Court in the case of Drew vs. The State, decided at the last term. This Court, in that case said: “ The offence created by that section of our statute of gaming upon which this indictment is predicated, is the'act of betting upon certain devices and games of chance prohibited by the first section of the act. And although the mode of proceeding in the prosecution of the various offences created by this statute of gaming is not within the sphere of that latitude of construction, where construction may be necessary, that is given to the courts and imposed upon them as a duty by the 13th section, there can be no doubt but that, in the definition of the offences themselves, this provision for construction has a legitimate place. The gist of the offence created by that section, which we are now considering, is the betting of money or other thing of value, or the representative of any thing that may be esteemed of value, at or upon that Ishmaelitish class of gambling devices and games of chance described and indicated in the first section of the act, which are to be distinguished from that other class of small games described and indicated in the eighth section, not only by the general feature of supposed predominance of chance over skill, but also in the further general feature of being bank games, or devices, against which banks or devices many may play for and against the money exhibited, or understood to be in bank to be bet against and paid out, by the conductor of the game or device, to those who may win upon the chances. The offence of betting, that is by this section designed to be punished, has no necessary or usual connection with mutuality of betting as between individuals, but simply consists in the wilful act of betting or venturing of money or other thing of value, or that which represents a thing that is esteemed of value, at, upon, or against, any of these banks, games or gambling devices of chance, at which money or property may be won or lost, whether they be named or unnamed, propelled by any agency visible or invisible, known or unknown, when this money or property is paid or received according to the exigency of the supposed chances.” The two classes of offences are, therefore, clearly and palpably distinguishable, and necessarily stand upon ground essentially different from each other. Under the first and third sections, which respect the exhibiting and betting upon banks, the banks being a distinct and independent agency, the offence is necessarily complete, when it is alleged that the party exhibited or bet upon the bank; but those created by the 8th section, having no previous or independent existence, but being brought into being and action alone by the mere act of two or more individuals engaging in and play* .ing the game, it follows, as a necessary consequence, that the names of such persons were essential as a part of the description of the offence. Under this construction, which we believe to be correct, it is manifest that the testimony, in order to warrant a conviction, should have sustained that portion of the charge. This conclusion relieves us from the necessity of deciding the point contended for in respect to the proof of unnecessary allegations. The testimony failed to establish the material fact that Hanley played at the game specified with the other defendants, and consequently it was not co-extensive with the allegation. The judgment of the Circuit Court of St. Francis county, herein rendered, is, therefore, reversed, and the cause remanded, with instructions to proceed therein according to law and not inconsistent with this opinion.