(Decided Oct. 29th, 1861.)

# Wm. T. Walters and Chas. Harvey, *vs.* John H. Munroe.

Under the attachment law of 1715, ch. 40, the defendant had the right to come in at any time *during the term* at which the attachment was returned, and by giving bail and appearance under the *capias,* to dissolve the attachment and to plead and defend the action.

But this right to appear and *dissolve the attachment* continued only during the term; the judgment *nisi,* entered on the call of the case, became absolute upon the failure of the defendant to appear and defend during the term.

The plaintiff, upon such a judgment, could not have execution within a year and a day, without first giving a bond, conditioned to make restitution in case the defendant, within a year and a day from the issuing of the attachment, comes in and shows that the plaintiff's claim has been paid or barred, in whole or in part.

The Act of 1834, ch. 79, confines the right of a non-resident defendant to *dissolve the attachment* within *the term* at which the writ was returnable; it does not *extend* the time for dissolving the attachment, but simply superadds to the appearance and bail before required, the necessity of giving a bond.

Where a judgment of condemnation *nisi* contains *terms* giving rights to the defendant to which he would not have been entitled by law, yet if the plaintiff does not move in the court below to have it corrected, he must, on appeal in this court, be held to have acquiesced in *its form.*

A judgment of condemnation set out as a condition, "if the defendant shall, within a year and a day, come in, give bond, and show that the claim of the plaintiff has been paid or barred, in whole or in part," and within the year the defendant moved to strike out this judgment, on giving bond, &c. Held:

Walters & Harvey, *vs.* Munroe.

1st. That the last requirement was a condition precedent, and it was error to grant this motion by *striking out the judgment* before the defendant had successfully defended the suit in the short note case, or, in other words, performed all the *conditions* stipulated in the judgment.

2nd. But though for this reason it is necessary to reverse the decision below on the motion, yet no *procedendo* will be issued where the defendant has obtained a judgment in the short note case, which has been affirmed on appeal in this court.

3rd. But a *procedendo* will be issued in such a case where the suit in the short note case is *still depending*, or where it does not appear to this court what has become of the short note case.

APPEAL from the Circuit Court for Prince George's county.

*Attachment*, on warrant issued on the 18th of December 1857, at the instance of the appellants against the appellee, a non-resident debtor. The writ was returnable upon the first day of the succeeding April term of the court, and was returned levied upon certain real estate mentioned and described in the schedule annexed to the return. Upon the return day, being the first day of the April term, 1858, of the circuit court, and the 5th day of that month, the defendant, by his counsel, moved the court to dissolve the attachment, and to permit him to appear and defend the suit *without* filing a bond. This motion the court (CRAIN, J.) overruled, and entered the judgment which is set out in the opinion of this court. The case was then continued till the succeeding November term, and then to the succeeding April term, at which latter term, on the first day thereof, being the 4th of April 1859, the defendant prayed the court to strike out the judgment of condemnation *nisi*, upon his filing a bond, &c. This motion the court granted, and ordered the judgment of condemnation *nisi* to be stricken out, the attachment to be dissolved, and permitted the defendant to file his bond and appear to the suit. From this order the plaintiffs appealed.

The cause was argued before LE GRAND, C. J., BARTOL and GOLDSBOROUGH, J.

*C. C. Magruder* and *Thos. G. Pratt*, for the appellants:

1st. The judgment of condemnation was erroneously ex-

*tended* by the clerk. All that part of it within brackets, was unauthorized by law, forms no part of the judgment proper in such cases, and is mere surplussage. The Act of 1715, ch. 40, *sec.* 3, requires the judgment of *condemnation* to be *entered.* It, however, provides that the *plaintiff* cannot have his *execution* within a year and a day from the awarding of the attachment, unless *he* gives the bond there required. 2 *Harr. Ent.*, 10, 83, 217. 2 *Ev. Harr.*, 330. 2 *H. & McH.*, 261, *Wallace vs. Forrest.* The *extension* of the judgment of condemnation by the clerk, setting out the condition that it was to be void if the *defendant* came in within a year and a day, and filed his bond, and showed that the plaintiff had been paid his claim in whole or in part, was, therefore, a mere clerical error—a misprision of the clerk—and such an error can be corrected in this court. *Acts of* 1809, *ch.* 153, *sec.* 2, and 1811, *ch.* 161, *sec.* 4. 4 *H. & McH.*, 164, *Duvall vs. Wells. Ibid.*, 498, *Ringgold vs. Brown.* 3 *H. & J.*, 543, *Harris vs. Jaffray.* 7 *G. & J.*, 73, 78, *Kent vs. Lyles.* 8 *G. & J.*, 126, *Robey vs. Turner Ibid.*, 359, *Boteler & Belt, vs. State.* 8 *Gill,* 140, *Smith vs. Morgan.* 4 *Md. Rep.*, 476, *Ellicott vs. Peterson.*

2nd. The judgment, therefore, which should have been properly extended, was a judgment of condemnation which became absolute after the expiration of the term. In other words, like all other judgments, it was subject to the control of the court, and could have been stricken out, on motion, during the term at which it *was entered,* and the defendant, *during that term,* could have appeared, and by giving bond, have dissolved the attachment. But after the *term had elapsed,* it was *too late* to make such a motion, and the court had no power to strike out the judgment. 3 *H. & McH.*, 178, *Gutrye vs. Langton.* 6 *Md. Rep.*, 508, *Ellicott vs. Eustace.* 14 *Md. Rep.*, 121, *Elliott & Wife, vs. Knott. Ibid.*, 564, *Sherwood vs. Mohler.* 15 *Md. Rep.*, 581, *Rutherford vs. Pope.* There is nothing in the Acts of 1834, ch. 79, and 1854, ch. 153, that changes the law in such cases. 1 *Gill,* 372, *Boarman vs. Israel.* 3 *Gill,* 313, *Barr vs. Perry.*

---

Walters & Harvey, *vs.* Munroe.

---

*Thos. F. Bowie,* for the appellee:

1st. The motion on the part of the defendant, to appear to the action in the short note case, was made within a year and a day from the return of the attachment, and the court was right in receiving the bond and dissolving the attachment. *Acts of* 1715, *ch.* 40, and 1795, *ch.* 56, *sec.* 1.

2nd. The court, in all such cases, will dissolve an attachment whenever the defendant, without any limitation as to time, appears and enters into bond, with surety to be approved by the court, to pay the plaintiff whatever judgment may be recovered. *Act of* 1834, *ch.* 79, *sec.* 2.

3rd. The appearance of the defendant and striking out the judgment of condemnation *nisi,* was in strict conformity with the terms of the judgment *nisi,* and therefore the court below was right in so striking out the judgment and dissolving the attachment.

LE GRAND, C. J., delivered the opinion of this court.

At the instance of the appellants, an attachment issued from the circuit court for Prince George's county, to recover of the defendant the amount of a promissory note. On the 5th day of April 1858, the sheriff returned the writ of attachment, with a schedule of certain real estate which he had attached. On the return day of the writ, being the first day of the session of the circuit court, the defendant moved the court to dissolve the attachment, and permit him to appear without bond. This motion was overruled by the court, and a judgment entered in the following words:

"And thereupon it is considered by the court here, that the said plaintiffs have their judgment of condemnation against the lands and tenements of the said John H. Munroe, so as aforesaid attached, for as well the said debt, costs and charges aforesaid, as for all damages, costs and charges which shall or may accrue in the premises, by reason of the prosecution of the said writ of attachment, [if the said defendant shall not, within a year and a day, to be accounted from this day, come into court here, and by first filing a bond in the penalty required by and conditioned according to the Act of Assembly

in such case made and provided, appear in person or by attorney, and make it appear to the court here that the said plaintiffs have been or are paid the debt aforesaid, or shall otherwise, in court, discount or bar the said plaintiffs of the same, or any part thereof."] The record then goes on to declare, that "thereupon, on motion of the parties, by their attorneys aforesaid, and by order of court here thereon, this cause is continued until the first Monday in November next."

At the April term, 1859, the defendant prayed the court "to strike out the judgment *nisi,*" upon his filing bond, &c. This motion the court allowed, and hence this appeal.

All that part of the judgment which we have included in brackets, commencing with the word "if," and terminating with the word "thereof," it is contended on the part of the appellants, is no part of the judgment, but misprision of the clerk, and ought, therefore, to be disregarded by this court. Upon the determination of the true character of this judgment must depend the decision of this appeal.

At the time the judgment was entered, the plaintiffs were entitled to their judgment of condemnation, with the right to execution on compliance with the Acts of Assembly.

Under the Act of 1715, ch. 40, the defendant had the right to come in at any time during the *term* (at which the attachment was returned,) and by giving bail and appearance under the *capias,* to dissolve the attachment, and to plead and defend the action; the attachment being merely ancillary to the suit, and intended to compel an appearance. But this right of the defendant to appear and *dissolve the attachment,* continued only during the term. The judgment *nisi,* entered on the call of the case, becomes absolute upon the failure of the defendant to appear and defend during the term. *Mr. Evans,* in his *book of Practice, page* 99, very properly says, in speaking of a judgment of condemnation in attachment on warrant, "but the judgment, like all other judgments intended to compel an appearance, may be stricken out during the term, hence the judgment is very improperly called a condemnation *nisi,* but, in fact, it is an absolute judgment,

64      v.17

Walters & Harvey, vs. Munroe.

not given upon any condition whatever." Although the judgment *nisi*, in attachment on warrant, is like any other judgment absolute, subject to be stricken out only during the term, yet, under the provisions of the Act of 1715, the plaintiff cannot have execution within a year and a day, without first giving a bond, conditioned to make restitution in case the defendant shall, within a year and a day, to be accounted from the attachment awarded, come in and show that the plaintiff's claim has been paid, or barred in whole or in part. The Act of 1834 provides, that when the defendant is "a non-resident," the attachment shall not be dissolved, unless he appears and gives bond, &c., as therein prescribed. This Act does not give to the defendant the right to come in after the term has passed, and, by filing bond, to have the judgment of condemnation *nisi* stricken out, and the attachment dissolved; but, on the contrary, it confines the right of *dissolving the attachment* by the bond and appearance within the period in which it might, before that Act, have been dissolved by appearance and bail; that is to say, during the term. The words of the Act of 1834, are, "that the attachment shall not be dissolved, unless the defendant gives bond," &c.; as before, it could not be dissolved *after* the judgment *nisi* and the term had expired, so the Act of 1834 cannot properly be construed to extend the time for dissolving the attachment; it simply superadds to the appearance and bail before required the necessity of giving a bond, in order to have the attachment dissolved.

The result of what has been said is, that the judgment entered in this case is not an ordinary judgment of condemnation *nisi*, but contains terms and provisions that gave rights to the defendant to which he would not have been entitled by law, and although it does not appear that this was done by consent of the plaintiffs, yet their not moving in the court below, and insisting on their motion to have the judgment corrected, must be taken as an acquiescence in its form; on this appeal we cannot disregard any of its terms; we must deal with it as it is stated in the record, and determine whether, according to its terms, the defendant was entitled to have his

motion granted. The condition set out in the judgment is, "if the defendant shall, in a year and a day, come in, give bond, and show that the claim of the plaintiffs has been paid or barred in whole or in part." Now this last is a condition precedent, and it was error to grant the motion by *striking out the judgment* before the defendant had successfully defended the suit in the short note case; or, in other words, performed all the *conditions* stipulated in the judgment. Although for this reason it may be necessary to reverse the decision of the court below on the motion, yet, as the defendant has obtained judgment in the suit on the promissory note, (the short note case,) which has been affirmed in this court at the present term, (see *Walters & Harvey, vs. Munroe, ante* 150,) this case will not be sent back under *procedendo*.

*Judgment reversed, but without procedendo.*

(Decided March 27th, 1861.)

.The record in the case of WOODRUFF & OTHERS *vs.* MUNROE, presented the same state of facts, and was argued at the same time, before the same judges, and by the same counsel.

LE GRAND, C. J., delivered the opinion of this court.

The principles stated in the opinion in the case of *William T. Walters and Charles Harvey, vs. John H. Munroe*, govern also this case, and for the reasons therein assigned, this judgment must be reversed, and inasmuch as this court, in the case of *John H. Munroe vs. Albert Woodruff, and others*, to which this attachment was ancillary, decided at this term, *(ante* 159,) has reversed the judgment below, and awarded a *procedendo*, and the plaintiffs in that case may ultimately recover a judgment, and, in that event, will be entitled to the lien of their attachment, a *procedendo* will be awarded.

*Judgment reversed and procedendo awarded.*

(Decided March 27th, 1861.)

The record in the case of FOWLE & Co. *vs.* MUNROE, also presented the same state of facts, and was also argued at

the same time, before the same judges, and by the same counsel.

LE GRAND, C. J., delivered the opinion of this court.

The reasons assigned for a reversal in the case of *Walters & Harvey vs. Munroe*, apply with equal force to this record; but inasmuch as there is nothing before this court to show what has become of the short note case, to which this action was but ancillary, the case will be sent back under *procedendo*.

*Judgment reversed and procedendo awarded.*

(Decided March 27th, 1861.)

*Note.*—In all these cases motions for re-argument were made by the appellants, but were overruled by the court.