Decided June 30th 1864.

------------

WILLIAM K. DAWSON, ADM'R OF WILLIAM H. DAWSON, *vs.* CHARLES S. CONTEE.

ATTACHMENT ON WARRANT: MOTION FOR JUDGMENT OF CONDEMNATION.—An attachment on warrant was sued out by A. against the lands, tenements, goods and chattels of B., as a non-resident debtor, returnable on the fourth Monday of October then next ensuing. The attachment was duly returned "laid as per schedule," and the summons to the defendant "not found." HELD:

That the plaintiff on motion was entitled to judgment and condemnation.

A MOTION FOR A JUDGMENT OF CONDEMNATION under the Act of 1715, ch. 40, sec. 3, is not one of those addressed to the discretion of the Court, but an application for a legal remedy prescribed by the Act of Assembly, to be granted "*ex debito*" and not "*e gratia*," or refused according to the true construction of the Act; and from an order overruling such motion an appeal will lie.

APPEAL from the Circuit Court of Anne Arundel County.

The appellant, on the 22d of April 1863, sued out an *Attachment on warrant* against the lands, tenements, goods and chattels of the appellee, as a non-resident debtor, returnable on the fourth Monday of October then next ensuing. The attachment was returned "laid as per schedule," and the summons against the defendant "not found." Thereupon the appellant moved for a judgment of condemnation, which the Court (Brewer, J.) refused: "because of the uniform practice of the Court not to enter a judgment of condemnation until after the expiration of a year and a day, without a bond being first filed," from which refusal this appeal is taken.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Frank H. Stockett*, for the appellant:

The ruling of the Court below and the practice of the Court under which it is alleged to have been made, are erroneous and should be reversed as in conflict with Art. 10, sec. 13 of the Code.

The law as enacted by the Code in this respect is precisely the same as that considered by Evans in his Book on Practice in the Courts of this State; and, on page 99, his statement of the Practice of the Courts is as follows;

"The motion for a judgment of condemnation is of course; if there is no defect in the proceedings the party is entitled to it; and the Court will not take notice of any defect unless their attention is called to it by a motion to quash." This was on the return of the writ, as in the case now before this Court.

In the case of *Walters & Harvey vs. Munroe,* 17 *Md.,* 505, this Court under precisely similar circumstances, have expressly decided that plaintiffs are entitled to their judgment of condemnation.

No counsel appeared for the appellee.

BOWIE, C. J., delivered the opinion of this Court, having first stated the case as above:

The preliminary question to be considered is, whether the refusal of a judgment of condemnation, is such an order as may be appealed from.

Although it is not strictly speaking a final judgment, yet if the motion was improperly refused, it prejudices the plaintiff as effectually as a judgment of *non pros.* The motion is not one of those addressed to the discretion of the Court, but an application for a legal remedy, prescribed by Act of Assembly to be granted *"ex debito"* and not *"e gratia,"* or refused according to the true con-

struction of the Act. This motion is not to be classed with motions for a new trial, or other motions merely discretionary, but rather with such as motions to change the venue, the decisions on which this Court has repeatedly held to be subjects of appeal. *Vide* 12 *G. & J.,* 257. 2 *Md. Rep.,* 275. 5 *Md. Rep.,* 375. *Griffin vs. Leslie,* 19 *Md. Rep.,* 15.

The third section of the Act of 1715, ch. 40, entitled An Act directing the manner of suing out such attachments, etc., after prescribing the preliminaries, provides: "at which day of return of said attachment, if the said defendant shall not then appear, nor the garnishee, in whose hands the aforesaid goods and chattels and credits of the defendant were attached, to show cause to the contrary, the respective Courts shall and may condemn the said goods, &c., so as aforesaid attached, and award execution thereof to be had and made, * * * as in other judgments, he the said plaintiff, so prosecuting as aforesaid, giving good and sufficient security before the justices of the respective Courts, etc., to make restitution of the goods, etc., so condemned, or the value thereof, if the defendant so as aforesaid prosecuted, shall within a year and a day, to be accounted from the said attachment awarded, come in and make it appear that the plaintiff hath been satisfied, etc." This section is susceptible of the interpretation adopted by the Judge below, in conformity with the practice of that Judicial Circuit, requiring the bond prior to the judgment of condemnation, if entered before a year and a day after the issuing of the attachment. But the law has received a judicial construction to the contrary in the case of *Harvey & Walters vs. Munroe,* 17 *Md. Rep.,* 505, in which this Court held that "at the time the judgment was entered (being the appearance term or return day) the plaintiffs were entitled to their judgment of condemnation, with the right of execution on compliance with the Acts of Assembly."

\* \* \* \* \* "Although the judgment *nisi*, in attachment on warrant is like any other judgment, absolute, subject to be stricken out only during the term, yet under the provisions of the Act of 1715, the plaintiffs cannot have execution within a year and a day without first giving bond, conditioned to make restitution in case the defendant shall within a year and a day, to be accounted from the attachment awarded, come in and show that the plaintiffs' claim has been paid." This decision, as this Court is advised, is founded on the practice in most of the Judicial Circuits of the State, and must be considered conclusive. We think, therefore, there was error in the ruling of the Court below, refusing the judgment of condemnation upon motion of the appellants, the plaintiffs below, and the judgment of the Court below on the motion will be reversed and *procedendo* awarded.

> *Judgment reversed, and*
> *procedendo awarded.*

Decided July 1st 1864.