FREDERICK HENKELMAN, and others *vs.* CHARLES
R. SMITH, Assignee in Bankruptcy of CHARLES
WITTE.

*Attachment—Bankruptcy—Construction of Sections* 14, 35 *and*
39 *of the Bankrupt Act of* 1867.

The failure of the defendant to appear and defend an attachment against his
    property, is no evidence of his having done any act to *procure* the attach-
    ment within the meaning of section 35 of the Bankrupt Act of 1867, or to
    *procure* or *suffer* his property to be taken under legal process within the
    meaning of section 39 of said Act.

Sec. 14 of the Bankrupt Act refers and can only refer to attachments which
    are *pending* at the time the petition in bankruptcy is filed, and not to such
    as have been prosecuted to a judgment prior to the filing of such petition.

The attachment having been properly issued and prosecuted to judgment, that
    judgment is final, imports absolute verity, is conclusive with respect to the
    subject-matter adjudicated, and cannot be re-examined or impeached in a
    collateral proceeding.

APPEAL from the Court of Common Pleas.

The facts of this case are sufficiently stated in the opinion
of the Court.

At the trial the plaintiff offered the three following
prayers :

1. If the jury shall find from the evidence in this case,
that Frederick Witte was insolvent on the fourteenth day
of April, 1873, and that on said day the defendants in this
case issued out an attachment on *mesne* process, against
the goods, chattels and effects and property, real and per-
sonal of the said F. Witte, upon which the property of
said Witte was attached, and under order of Court was
subsequently sold for $591.40, of which sum $478.22 was
subsequently paid to said plaintiffs, (now defendants;) and
shall further find, that when said attachment was brought

and said money was received, the said plaintiffs (now defendants) had reasonable cause to believe that a fraud on the Act of Congress, entitled: "An Act to establish a uniform system of Bankruptcy throughout the United States," approved March 2, 1867, was intended; and the jury shall further find, that within four months from the institution of said attachment, proceedings in bankruptcy had been commenced against said F. Witte, upon which he was subsequently adjudicated a bankrupt, and that the plaintiff had been chosen assignee of said bankrupt, then the jury shall render their verdict for the plaintiff in this action, for the amount of sales of said goods so seized under said attachment, with interest at the rate of six per cent. per annum, from the 26th day of May, 1873.

2. If the jury shall find from the evidence, that Frederick Witte, on the 14th day of April, 1873, being insolvent, suffered his property to be taken on legal process, by virtue of an attachment on *mesne* process issued out of the Court of Common Pleas of Baltimore City, by the defendants in the case now at issue, with the intent by such disposition of his property to defeat or delay the operation of the Act of Congress, entitled "An Act to establish a uniform system of Bankruptcy throughout the United States," approved March 2, 1867; and shall further find that said Frederick Witte afterwards, to wit, on the 5th day of June, 1873, was adjudicated a bankrupt, upon petition of his creditors, filed the 26th of May, 1873, and that the plaintiff in this case was duly appointed assignee of said bankrupt's estate, and that the defendants in this case, when receiving the payment of the proceeds of said attachment, had reasonable cause to believe that a fraud on said Act of Congress was intended, and that said F. Witte was insolvent, then the plaintiff in this case is entitled to recover the sum of $591.40, the gross amount of sales of goods received under said attachment, with interest thereon from the 26th of May, 1873.

3. That if the jury find the facts set forth in the foregoing prayer, they shall treat the fact that the said F. Witte was insolvent at the time of the payment of the proceeds of said attachment, and that proceedings in involuntary bankruptcy had been commenced against him, as evidence of fraud.

And the defendants offered the following prayers:

1. There is no evidence in this cause legally sufficient to enable the plaintiff to recover under any of the counts in the declaration.

2. That under the pleadings and evidence in this cause the plaintiff is not entitled to recover.

The Court (GAREY, J.) granted the plaintiff's prayers, and rejected those of the defendants.

And the defendants, at the argument thereof, in addition to their other objections to the plaintiff's prayers, objected to the plaintiff's first prayer, because there was no evidence in the cause in fact, and because there was no evidence sufficient in law, that Frederick Witte was insolvent on the 14th of April, 1873, *or* that when the attachment was brought, and said money was received, the defendants had reasonable cause to believe that a fraud on the Act of Congress, entitled "An Act to establish a uniform system of Bankruptcy throughout the United States," approved March 2nd, 1867, was intended.

And to the second prayer they objected, in addition to other objections, because there was no evidence in fact, and there was no evidence sufficient in law, that on the 14th of April, 1873, Frederick Witte being insolvent, suffered his property to be taken on legal process by virtue of an attachment on *mesne* process, issued out of the Court of Common Pleas of Baltimore city, by the defendants, in the case now at issue, with the intent, by such disposition of his property, to defeat or delay the operation of the Act of Congress aforesaid, *or* that the defendants, when receiving the payment of the proceeds of said attachment had reasonable

cause to believe that a fraud on said Act of Congress was intended, or that F. Witte was insolvent. And to the third prayer they objected, in addition to the other objections, that there was no evidence in fact, and that there was no evidence sufficient in law that said Witte was insolvent.

But the Court was of opinion, and so ruled that there was such evidence, and overruled all the aforesaid objections of the defendants to the prayers of the plaintiff for want of evidence as aforesaid.

To the granting of the prayers of the plaintiff and the rejection of the defendants' prayers, and to the rulings of the Court upon the objections to the prayers of the plaintiff for want of evidence to sustain them, the defendants excepted, and the verdict being against them they took this appeal.

The cause was argued before Bartol, C. J., Stewart, Brent, Grason, Miller, Alvey and Robinson, J.

*M. R. Walter*, for the appellants.

The Court, in the consideration of this case is compelled to confine itself to the agreed statement upon which it was submitted, and is not authorized to draw any inferences of fact therefrom—no such power having been given by the consent of the parties. *Wright vs. Wright's Lessee*, 2 *Md.*, 450; *Vansant vs. Roberts*, 3 *Md.*, 127; *McTavish vs. Carroll*, 7 *Md.*, 361; *McColgan vs. Hopkins*, 17 *Md.*, 402; *Dennis & Rush vs. Dennis' Exr.*, 15 *Md.*, 73.

The attachment proceedings cannot be collaterally impeached. *Gordon's Exr. vs. Mayor, &c., of Balto.*, 5 *Gill*, 242.

From the case stated, it appears no steps were taken in the attachment cause to have it dissolved; on the contrary a judgment of condemnation was regularly rendered on the 13th day of May, 1873, before the commencement of bankruptcy proceedings, *into which the attachment merged*

and which *still stands,* and under which the money deposited in Court, amounting to $478.22 was ordered to be, and was paid to the appellants on account of their claim of $517.34.

All proceedings under an attachment, up to the time it is dissolved, are valid, if the attachment has, as in this case, been properly issued. *In re Housberger & Zibelin,* 2 *B. R.,* 33; *In re C. H. Preston,* 6 *B. R.,* 545.

A judgment of condemnation in attachment is a final judgment, and imports absolute verity, and the rights of the appellants under the attachment are therefore *res adjudicata. Gordon's Ex. vs. Mayor, &c. of Baltimore,* 5 *Gill,* 242; *Walters & Harvey vs. Munroe,* 17 *Md.,* 501.

The proceedings in bankruptcy *after* the judgment in this attachment can therefore have no effect on the judgment or upon the property attached. *Hilliard on Bankruptcy,* 127; *Appleton vs. Bowles,* 2 *N. Y.,* (*S. C.,*) 570; *Ames vs. Wentworth,* 5 *Metcalf,* 297.

The 14th section conveys to the assignee *only* "the estate, real and personal, of the bankrupt, &c.," which the bankrupt had at "*the commencement of said proceedings in bankruptcy,*" although *the same* be *then* attached on *mesne* process, and dissolves any *such* attachment made within four months preceding the commencement of said proceedings.

It is clear from this that only the property held by the bankrupt *when bankruptcy proceedings were commenced* will vest in the assignee, and the language "although the *same* is then attached on *mesne* process," "and shall dissolve any such attachment made within four months, &c.," must be construed with that which precedes it, and can only mean that it will release all property belonging to the *bankrupt on the day of petition filed,* from the lien of any attachment issued within four months prior thereto, and which may *then* be pending.

Henkelman, *et al. vs.* Smith.

In this case the whole fund (the net proceeds of the goods attached) became *the property of the appellants* by the judgment of condemnation in their favor, and could therefore not be affected by the subsequent institution of proceedings in bankruptcy. It is as much the policy of the Bankrupt Law to uphold liens when valid as it is to set them aside when invalid. *In re Wynne,* 4 *B. R.,* 23; *Potter vs. Coggeshall,* 4 *B. R.,* 73.

The agreed statement of facts will not justify a recovery under the 35th section.

To make an attachment void thereunder, the following facts must concur:

1st. The debtor must be insolvent. 2nd. The debtor must procure or suffer his property to be attached with a view to give a preference to the attaching creditor. 3rd. The attaching creditor must have reasonable cause to believe the debtor insolvent, *when the attachment issued.* 4th. The attachment must be in fraud of the provisions of the Bankrupt Law. 5th. And must have taken place within four months before the filing of the petition against the bankrupt.

The case stated here, contains no admission in any manner or form that the debtor was insolvent when the attachment issued, nor that the appellants had reasonable cause to believe him insolvent at that time. Insolvency cannot be inferred from his having absconded, even had the Court a right to draw such inference. He may have been amply able to meet his obligations as they matured, and yet attempted to defraud his creditors. Because his conduct may have been an act of bankruptcy, it is not proof of insolvency. Neither does the fact that he was adjudicated a bankrupt determine the question of insolvency in *this* cause, even had the petition been filed on the day the attachment issued. See *In re Drummond,* 1 *B. R.,* 231; *Lewis vs. Sloan,* 68 *N. C.,* 562.

There is furthermore no evidence that the debtor procured or suffered his property to be attached with a view

to give a preference to the appellants. Indeed there is not only an entire absence of proof that the debtor did anything in aid of it, but there is even no evidence that he had any knowledge of the pendency of the proceedings. See *Wilson vs. City Bank*, 17 *Wallace*, 473.

There is furthermore nothing in the case stated to indicate that the attachment was in fraud of the Bankrupt Law.

The appellee is not entitled to a judgment under the 39th section, for he must show:

1st. That the debtor was insolvent or in contemplation of insolvency. 2nd. That the debtor procured his property to be taken on legal process. 3rd. That the debtor did so with intent on his own part to give a preference to the creditor, or with intent, on his own part to defeat or delay the operation of the Act. 4th. The creditor must have had reasonable cause to believe the debtor insolvent, and must have known that a fraud on the Act was intended.

There is an entire absence of proof on these points, of which affirmative testimony is required.

But even were the appellee entitled to recover, the judgment could not be for more than the amount paid into Court, $478.22, the only moneys that came into the hands of the appellants.

*Henry D. Loney*, for the appellee.

The assignment, made on the 21st of July, 1873, to the appellee as assignee in bankruptcy of F. Witte, related back to the 26th day of May, 1873. *Bankrupt Act, sec. 14; Rev. Stat. U. S., sec.* 5044.

By virtue of said assignment "by operation of law," the title to all the estate of the bankrupt, both real and personal, vested in the appellee, although the same was then attached " on *mesne* process" as the property of the debtor, F. Witte, and dissolved such attachment, it having been made within four months next preceding the 26th day of May, 1873. *Rev. Stat. U. S.,* 5044; *Bankrupt Act, sec.* 14.

The attachment in this case being an attachment on warrant against an absconding debtor, was an attachment on *"mesne* process.*"    Corner vs. Mallory,* 31 *Md.,* 468.

The property so seized on attachment being a part of the estate of the bankrupt, the appellee, as assignee thereof, was entitled to sue for and recover the same.    *Bankrupt Act, sec.* 14; *Rev. Stat., secs.* 5046 *and* 5047.

The appellee, was entitled to recover independently of the fourteenth section and by virtue of the thirty-ninth section of the Bankrupt Act, as F. Witte, the bankrupt, when insolvent, (his absconding was evidence of insolvency,) suffered (because he was at home liable to process on the 26th of May, and by an appearance could then have prevented the condemnation *nisi,*) his property to be taken on legal process, with the intent (*In re Drummond,* 1 *Bankrupt Register,* 10,) to defeat or delay the operation of the Bankrupt Act, and having been adjudged a bankrupt, the appellee (his assignee) could recover back the money transferred contrary to the Act of Congress—the appellants having reasonable cause to believe that a fraud on the Act was intended, and (knowing) that the debtor was insolvent. *Bankrupt Act, sec.* 39.

The appellee was entitled to recover from the appellants not only the amount actually paid to them, but also the amount paid for costs of sheriff and expenses of sale. *Street vs. Dawson,* 4 *Bankrupt Reg.,* 60 ; *In re G. S. Ward,* 9 *B. R.,* 349 ; *Zeiber vs. Hill,* 8 *B. R.,* 239 ; *In re Preston,* 6 *B. R.,* 595.

GRASON, J., delivered the opinion of the Court.

It appears from the record in this case that the appellants, on the 14th day of April, 1873, caused an attachment on warrant to be issued against the goods and chattels of Frederick Witte, returnable to the May Term of the Court of Common Pleas of Baltimore City, to be held on the 9th day of May, and that on the 24th day of April,

an order was passed by said Court for the sale of the goods, and that from said sale the sum of five hundred and ninety-one dollars and forty cents was realized, and that said proceeds of sale, less the cost and expenses of sale, were paid into Court. On the 13th May, judgment of condemnation was duly entered and said proceeds were paid to the appellants on the fifth day of June following, under an order of Court passed on the 4th day of the same month. It further appears that, on the 26th day of May, 1873, a petition in bankruptcy was filed against Frederick Witte, by some of his creditors and that, on the 5th June, he was adjudicated a bankrupt and that, on the 21st day of July, the appellee was elected assignee of the estate of the bankrupt. On the 6th day of December, 1873, the appellee instituted this suit in the Court of Common Pleas to recover from the appellants the whole proceeds of the sale, which had been paid to them under the order of that Court. The case was tried before the Court on an agreed statement of facts, and at the trial three prayers were offered by the appellee, and two by the appellants, the former of which were granted and the latter refused. The appellants excepted to the granting of the appellee's prayers and to the rejection of their own, and the judgment being against them they have taken this appeal.

It was contended by the appellee's counsel that the appellee, under the agreed statement of facts, had a right to recover under either the 14th, 35th or 39th sections of the Bankrupt Act, and that his three prayers were properly granted. The 35th section provides that if any person, being insolvent, or in contemplation of insolvency, within four months before the filing of the petition by or against him, with a view to give a peference to any creditor, or person having a claim against him, or who is under any liability for him, procures any part of his property to be attached, sequestered or seized under execution,

&c., the person to be benefited by such attachment having reasonable cause to believe such person insolvent, and that such attachment is in fraud of the provisions of the Act, the same shall be void and the assignee may recover the property or its value.

The 39th section declares what shall be an Act of Bankruptcy, and provides, among others, that if a person, being insolvent, or in contemplation of bankruptcy or insolvency, shall give a warrant to confess a judgment, or procure or suffer his property to be taken on legal process, with intent to give a preference to one or more of his creditors, or with intent, by such disposition of his property, to defeat or delay the operation of the Bankrupt Act, he shall be deemed to have committed an act of bankruptcy, and the assignee may recover the money or property if the person shall be adjudged a bankrupt, provided the person taking the property had reasonable cause to believe that a fraud on the Act was intended, or that the debtor was insolvent. It will be observed that by the 35th section, in order to render the attachment void and enable the assignee to recover, the debtor must be insolvent, or contemplating bankruptcy, must *procure* his property to be attached, within four months before the petition in bankruptcy is filed, *with a view to give a preference,* and the plaintiff in the attachment must have reasonable cause to believe the debtor insolvent, and that the attachment is in fraud of the provisions of the Bankrupt Act. And under the 39th section to render the legal process void and to enable the assignee to recover, the debtor must be bankrupt or insolvent, or contemplating bankruptcy, and must *procure* or *suffer* his property to be taken on legal process with intent to give a preference, or to defeat or delay the operation of the Act. And if the party be adjudged a bankrupt the assignee may recover provided the party taking the property had reasonable cause to believe that a fraud on the Act was intended, or that the debtor was

insolvent. It does not appear from the statement of facts in this case that Frederick Witte, the debtor, has done any act to *procure* the attachment or to *procure* or *suffer* his property to be taken on legal process with intent to give the appellants a preference over his other creditors, or with intent to defeat or delay the operations of the Bankrupt Act. So far as the statement of facts discloses, he has done absolutely nothing. But it was contended that, as the defendant did not appear to the attachment suit, when it was in his power to do so and prevent the judgment of condemnation, he is to be considered as having suffered his property to be condemned with intent to give a preference to the appellants. In this view we cannot concur. The Bankrupt Act clearly contemplates *some act to be done* by the debtor to *procure* or to *suffer* his property to be taken under attachment or legal process, and this view is sanctioned by the highest authority, that of the Supreme Court in the case of *Wilson vs. City Bank,* 17 *Wallace,* 487, 488. The City Bank obtained a judgment against Vanderhoof Brothers *by default,* and the same day issued execution, which was levied on their whole stock in trade, which was sold. After the levy of the execution and before sale, Vanderhoof Brothers were adjudged bankrupts on the petition of other creditors.

Vanderhoof Brothers were insolvent at the time they were sued by the bank, and the latter had reasonable cause to believe that they were, and that they had committed an act of bankruptcy, and that they had no property other than their stock in trade. The money arising from the sale under the execution was in the bankrupt Court awaiting the termination of the suit between the assignee and the bank. These facts were found by the Court, and are much stronger in favor of the assignee's right, than are those contained in the agreed statement in this case. In that case, as in this, it was contended that the failure of the debtor to appear and defend the suit fur-

nished evidence of his *procuring* or *suffering* his property to be taken on legal process with intent to give the creditor a preference, or to defeat or delay the operation of the law. Mr. Justice MILLER, in delivering the opinion of the Court, says, in referring to the words "procure" and "procure and suffer," as used in the 35th and 39th sections respectively: "In both there must be the positive purpose of doing an act forbidden by the statute, and the thing described must be done in the promotion of this unlawful purpose. The facts of the case before us do not show any positive or affirmative act of the debtors, from which such intent may be inferred. Through the whole of the legal proceedings against them, they remained perfectly passive. They owed a debt which they were unable to pay when it became due. The creditor sued them and recovered judgment and levied execution on their property. They afforded him no facilities to do this, and they interposed no hindrance. It is not pretended that any positive evidence exists of a wish or design on their part to give this creditor a preference, or oppose or delay the operation of the Bankrupt Act. There is nothing morally wrong in their course in this matter. They were sued for a just debt. They had no defence to it, and they made none. To have made an effort by dilatory or false pleas to delay a judgment in the State Court, would have been a moral wrong and a fraud upon the due administration of the law."

In that case the Supreme Court decided:

1. That something more than passive non-resistance of an insolvent debtor to regular judicial proceedings, in which a judgment and levy on his property are obtained, when the debt is due and he is without just defence to the action, is necessary to show a preference to a creditor, or a purpose to defeat or delay the operation of the Bankrupt Act.

2. That the fact that the debtor, under such circumstances, does not file a petition in bankruptcy is not

sufficient evidence of such preference, or of intent to defeat the operation of the Act.

3. That, though the judgment creditor in such case may know the insolvent condition of the debtor, his levy and seizure are not void under the circumstances, nor any violation of the Bankrupt Act.

4. That a lien, thus obtained by him, will not be displaced by subsequent proceedings in bankruptcy against the debtor, though within four months of the filing of the petition. In the case now under consideration there is no more evidence to show that Frederick Witte *procured* this property to be taken under the attachment, or *procured* or *suffered* it to be taken on legal process with intent to give a preference to the appellants, or to defeat or delay the operation of the Bankrupt Act, than there was in the case of *Wilson vs. City Bank,* above referred to, and we think it clear that the appellee has no right to recover from the appellants under either section 35 or 39.

But it was contended that the appellee had a right of recovery under section 14. That section provides that as soon as an assignee is appointed and qualified, the judge or register shall assign and convey to the assignee all the estate of the bankrupt, and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and thereupon, by operation of law, the title to such property shall vest in the assignee, although the same is then attached on *mesne* process, as the property of the debtor, and shall dissolve such attachment if made within four months next preceding the commencement of said proceedings. We are of opinion that the appellee has no better foundation for his claim to recover under this section than under the 35th and 39th. This section refers, and can only refer to attachments, which are *pending* at the time the petition in bankruptcy is filed. The petition against Witte was filed on the 26th May, 1873, he was adjudged a bankrupt on the 4th June, and the assignee

was elected on the 21st July, following.   The assignment to him then related back to the 26th May, and vested in him the title to all the property which belonged to the bankrupt at that date.   But the property, which is the subject of this suit, had been attached on the 14th day of April, was sold under the order of the Court on the 24th day of the same month, and the attachment was prosecuted to judgment on the 13th day of May, thirteen days before the petition in bankruptcy was filed, and by that judgment the proceeds of the sale of the property had been vested in the appellants.   The attachment having been properly issued and prosecuted to judgment, that judgment is final, imports absolute verity, is conclusive with respect to the subject-matter adjudicated, and cannot be re-examined or impeached in a collateral proceeding.   *Gordon's Ex'r vs. Mayor and City Council of Baltimore,* 5 *Gill,* 242 ; *Walters & Harvey vs. Munroe,* 17 *Md.,* 506.   The judgment in this case cannot, therefore, be affected by the proceedings in bankruptcy.   *Appleton vs. Bowles,* 2 *N. Y.* (*S. C.*) *Reps.,* 569.

As we have shown that the appellee has no right to recover in this case under either of the sections of the Bankrupt Act before referred to, for the reasons stated, it is unnecessary to notice in this opinion the further question, which was argued in this Court, whether it is the duty of the assignee in bankruptcy to make known by proper proceedings to the State Court the fact that the defendant in an attachment has been adjudged a bankrupt.   As there was error in granting the appellee's prayers and in refusing to grant those of the appellants, the judgment appealed from will be reversed, and as the plaintiff can in no event recover in this case, a new trial will not be awarded.

*Judgment reversed.*