## Case No. 12,750.

### SHELLEY et al. v. ELLISTON.

[18 N. B. R. 375; 26 Pittsb. Leg. J. 92.] [1]

District Court, D. Kansas. 1878.

BANKRUPTCY—ATTACHMENT—JUDGMENT—LIEN.

1. Where a creditor commenced suit, and attached goods and chattels of the debtor, and obtained judgment and an order of sale of the attached property, and petition in bankruptcy was subsequently filed and the debtor adjudged a bankrupt, the bankruptcy proceedings do not invalidate the judgment lien, although no execution or order of sale had been issued on the judgment.

[Cited in Claridge v. Kulmer, 1 Fed. 402.]

2. The attachment had become merged in the judgment, and section 5044 of the bankrupt act only operates to dissolve attachments pending when the bankruptcy proceedings are commenced.

Clough & Wheat, for plaintiffs.
Mills & Wells, for defendant.

FOSTER, District Judge. The plaintiffs, J. M. Shelley & Co., present their petition, and ask for an order that said assignee pay over certain moneys, being the proceeds of a lot of goods on which said plaintiffs claim to have had a lien. On the 16th of August, 1877, Shelley & Co. commenced suit against Mary V. Weisbaugh, before a justice of the peace, to recover the sum of two hundred and sixty-nine dollars, and on the same day caused an attachment to be issued and levied upon a lot of goods of said Weisbaugh. On the 20th of the same month the plaintiffs recovered a judgment for said amount with interest and costs, and an order on the justices' docket that said attached goods be sold in satisfaction of said judgment, but no order of sale or execution was issued by the justice on said judgment until the first day of September, 1877, although the same was dated August 20th. In the meantime, to wit, August 25th, the said Mary V. Weisbaugh filed her voluntary petition in bankruptcy, and on the same day was adjudged a bankrupt, and the assignee was shortly thereafter chosen by the creditors. Before any sale of said goods was had on said judgment, the assignee took possession of, and sold the same, and now the plaintiffs seek to recover the proceeds thereof.

Under section 5044 of the bankrupt act the assignment to the assignee relates back to the commencement of the bankruptcy proceedings, and vests the title of all property, real and personal, of the bankrupt in the assignee, notwithstanding the same is then attached on mesne process, and it dissolves any such attachment made within four months before the bankruptcy proceedings.

The first point made by the petitioners is that the date of the execution is conclusive as to the time it was issued. That would

[1] [Reprinted from 18 N. B. R. 375, by permission. 26 Pittsb. Leg. J. 92, contains only a partial report.]

undoubtedly be correct if the justices' docket did not show the date to be otherwise. The docket shows it was issued on the first day of September. The law requires the justice to keep a docket, and to enter thereon the date of the issue of the writ (Gen. St. Kan. p. 815, § 188), and the next section makes such entries evidence to prove the facts stated therein. I think the finding of the register as to the date the execution was issued is correct.

The second point made by the plaintiffs is that the adjudication in bankruptcy did not relinquish their lien on the property; that the attachment had become merged into the judgment, and the property having been condemned by the court to pay the judgment was not held on mesne process, and that it mattered not that no order of sale or execution had been issued to the constable to sell the same. It is well settled by all the authorities that if the plaintiffs' claim had not gone to judgment prior to the commencement of the bankruptcy proceedings, the attachment would have been ipso facto dissolved by such proceedings, and no lien would have existed. On the other hand it is equally as well settled that if their claim had gone to judgment, and an execution, or what is the same thing, an order of sale, had been issued thereon and levied on the property, their lien would have been good as against the bankruptcy proceedings.

But this case is unlike either, and I can find nothing in the books directly in point. In the case of Henkelman v. Smith [42 Md. 164], decided by the court of appeals of Maryland, goods had been attached on mesne process, and sold pendente lite by order of the court; judgment was afterwards recovered, and the goods condemned to pay it. Bankruptcy proceedings were commenced subsequent to the judgment, but before an order had been made to pay over the proceeds to the judgment creditors. The court held that the assignee was not entitled to the money; that section 5044 of the bankrupt act referred only to attachments pending at the time the petition in bankruptcy was filed, and that by the judgment the proceeds of the property became vested in the judgment creditors. That case was much like the case at bar, except the goods had been sold, and the proceeds stood in place of the property.

In the case of Howe v. Union Ins. Co., 42 Cal. 528, the creditor brought suit and attached by garnishment money belonging to the debtor in the possession of the insurance company. Judgment was recovered and execution issued and the sheriff demanded the money of the garnishee. Subsequently proceedings in bankruptcy were commenced and the debtor was adjudged a bankrupt. The court held, as the judgment creditor had made no levy on the fund, that neither the judgment nor execution created

any lien on the fund other than that under which it had been previously held. The court says: "But where there is no money or property in the hands of the sheriff under the attachment, prior to the judgment, I do not perceive how the mere fact that a judgment was rendered, and an execution issued but not levied, can have the effect to convert the attachment lien upon a fund in the hands of a garnishee into a lien upon final process." From the foregoing remarks it will be seen that the court makes no intimation as to the effect of a judgment on attached property, actually in the hands of the sheriff at the time. In the case of Hudson v. Adams [Case No. 6,832], the court holds that when a judgment is recovered in an attachment proceeding, and process issued thereon to sell the attached property, its lien relates back to the service of the attachment, and there is no attachment process in existence upon which section 5044 can operate. "That this section by its own terms relates to existing attachments," &c. Now it seems to me that this, in general terms, is the correct construction of that section. That it only operates on attachments pending at the time bankruptcy proceedings are commenced, and when the judgment is rendered, and the property in custody is condemned for the payment thereof, there is no longer any attachment in existence. It is merged in the judgment, and the goods are not held by virtue of the attachment, but by virtue of the judgment.

Section 5075 of the bankrupt act provides for saving and protecting valid liens on the property of the bankrupt. Was it necessary that an order of sale on this judgment should have been in the constable's hands at the commencement of the bankruptcy proceedings, in order to save the plaintiff's lien? What additional sanctity could that give it? It is quite clear that no new levy on the goods was required under the laws of Kansas. Gen. St. p. 786, § 47. It says: "So much of the personal property, if any, as may be necessary to satisfy the judgment, shall be sold by order of the justice under the same restrictions and regulations as if the same had been levied on by execution." I can see no reason why the lien of this judgment would be any more complete because an order of sale had been issued to carry it into execution. The validity of this lien does not, as in ordinary cases of execution, depend upon a levy to make it good. The court having full jurisdiction has adjudicated that the property then in its custody shall be sold to pay the judgment. I cannot think that section 5044 can annul or in any manner affect that adjudication, and unless the plaintiffs have lost their lien by voluntarily relinquishing the property or have waived it by their proof of debt and accepting dividends, they are entitled to the order prayed for. The report of the register will be recommitted for further proceedings.