LAFLIN AND RAND POWDER COMPANY *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Garnishee of THOMAS HARDEN, and THOMAS YOUNG.

*Attachment—Section 14, of Article 10, of the Code, as amended by the Act of 1880, ch. 28—Practice—Appeal.*

Whether the last clause of section 14, of Article 10, of the Code, as amended by the Act of 1880, ch. 28, is to be construed as making the failure of the garnishee to answer interrogatories, equivalent to proof of "*the debt*" as well as the amount of assets, or merely makes it an *admission of assets*, so that the plaintiff can take his judgment, provided he adduces such proof of his claim as the preceding clause requires, *Quaere?*

Pending a motion to quash an attachment, the case was continued to the next term, with the plaintiffs' *consent.* HELD:

That while this may not have prevented the filing of interrogatories to be answered by the garnishee, yet having consented to a continuance, the plaintiff could not demand judgment, and thus have the case decided in its favor *during the term* at which it stood so continued; and the garnishee had the right to file its answer to the interrogatories at or before the commencement of the next term, although more than twenty days may have then elapsed since the service of the interrogatories.

Whether an appeal lies from the refusal of the Court below to enter judgment under the Act of 1880, ch. 28, (Code, Art. 10, sec. 14,) against the garnishee for refusal to answer the interrogatories provided for by that Act within the time required, *Quaere?*

APPEAL from the Superior Court of Baltimore City.

Laflin and Rand Powder Co. *vs.* Balt. & Ohio R. R. Co.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MIL-LER, ROBINSON, and BRYAN, J.

*Henry F. Garey,* for the appellant.

*W. Irvine Cross,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This appeal is from the refusal of the Court below to enter a judgment against the garnishee, for the amount of the claim for which the attachment was issued. This judgment was demanded under the Act of 1880, ch. 28, upon the ground that the garnishee had failed to answer interrogatories filed by the plaintiff, and it becomes necessary to state the special circumstances of the case.

It appears from the record, that the attachment was sued out by the appellants upon a claim against Harden & Young as non-residents, on an open account amounting to $678.98. The writ was issued on the 20th of April, 1883, returnable to the following May Term of the Court, and was on the same day laid in the hands of the railroad company, which was duly summoned as garnishee. On the 30th of August following, and during the May Term, the company appeared by counsel and pleaded "*non-as-sumpsit*" for the defendants and "*nulla bona*" for itself as garnishee, on which pleas issues were joined. Nothing further was done in the case until the 8th of October, during the September Term, when the garnishee filed a motion (supported by affidavit) to quash the writ upon the ground that the defendants were residents of the State, and on the same day, by an agreement of counsel to that effect, the case was entered continued by consent to the next term which commenced on the second Monday of January, 1884. In the meantime, however, the plain-

tiffs, on the 17th of October, (during the September Term,) filed interrogatories to be answered by the garnishee, and these were duly served the next day. The Company prepared answers which were sworn to on the 24th of October, but were not filed until the 7th of January, 1884, more than twenty days after the service of the interrogatories, and a motion was afterwards made by the plaintiffs to strike them from the rolls because they were not filed in time. Previous to this, on the 10th of November, 1883, and during the September Term, the plaintiffs moved the Court to enter judgment, under the Act of 1880, against the garnishee for the amount of their claim, because the interrogatories had not been answered within the twenty days. On the 24th of March, 1884, the Court overruled the motion of the garnishee to quash the attachment, and at the same time also overruled the motion to enter the judgment, and from the overruling of this latter motion, the plaintiffs have taken this appeal.

From this it appears there was no proof, nor offer of proof, of the claim on which the attachment was issued, either before or at the time the motion for the judgment was made, and it is a question whether, under the true construction of this Act of Assembly, the judgment could have been entered without such proof. According to the practice under the attachment law, as it stood before the passage of this Act, the plaintiff could, and usually did, take a judgment of condemnation at the appearance term or return day of the writ, if neither the defendant nor the garnishee appeared. This judgment could be stricken out during the term by the appearance of the defendant under the *capias*, and by his giving bond if he was a non-resident; and by such appearance and bond the attachment was dissolved. The right, however, to have the judgment thus stricken out continued *only during the term*, at which the writ was returned. But the plaintiff would not have execution on such a judgment within a year and

a day, unless he gave a bond as the law required. The judgment thus taken on the call of the case at the appearance term was usually entered as a judgment of condemnation *nisi*, and was commonly so called, though in strictness it was an absolute judgment not given upon any condition whatever, but merely subject, like any other judgment to compel an appearance, to be stricken out during the term. *Walters & Harvey vs. Munroe*, 17 *Md.*, 501; *Dawson, Adm'r vs. Contee*, 22 *Md.*, 27; *Evans Pr.*, 99. Under this practice the plaintiff was permitted to recover an absolute judgment against the garnishee, if for any reason he failed or neglected to appear, without any proof whatever, either of the claim or of the amount of assets or credits of the defendant in his hands, and many cases of great hardship occurred which induced the passage of the Act of 1880, ch. 28. This Act simply amends *section* 14, of *Article* 10, of the *Code*, by adding thereto the provision that "upon any judgment of condemnation *nisi*, against any garnishee for want of appearance or plea, the plaintiff shall be at liberty to proceed and prove his case in the same manner, as in any judgment by default *ex parte*, and not otherwise, by *proof of his debt*, and also of the *amount of the assets* of the defendant in the hands of the garnishee, properly subject to attachment, and *no judgment of condemnation nisi shall be made absolute without such proof;* provided that in all cases in which a garnishee has been summoned, at any time after the return of the writ, the plaintiff may file interrogatories," which shall be served upon the garnishee "within ten days," and if he shall fail to answer them "within twenty days" after such service, "then upon proof of such service, the plaintiff *shall be entitled to judgment* against the garnishee, *for the amount of the claim* of the plaintiff for which the attachment was issued."

Whether this last clause is to be construed as making the failure to answer equivalent to proof of "*the debt*" as

well as the amount of assets, or merely makes it an *admission of assets*, so that the plaintiff can take his judgment provided he adduces such proof of his claim as the preceding clause requires, is a question of some importance in practice, but not necessarily presented for decision on this appeal. Whatever may be its construction in this respect, there can, we think, be no doubt but that the right thus given by the statute, to file interrogatories and demand judgment in case of failure to answer them, is a *privilege* which the plaintiff may *waive* altogether or temporarily. In this case the plaintiffs did not file them during the term, at which the writ was returned, nor until more than a month after the commencement of the next September Term. At the time they were filed, as well as at the time the judgment was demanded, there was not only a motion to quash the writ pending, but the case had been continued for that term with the plaintiffs' *consent*. While this may not have prevented the filing of the interrogatories, yet we are clearly of opinion that, having consented to a continuance, the plaintiffs could not demand judgment and thus have the case decided in their favor *during the term* at which it stood so continued, and that the garnishee had the right to file its answer, as it did, at or before the commencement of the next January Term. The effect of a continuance by consent was recently considered in the analogous case of *State, use of Wilson vs. McCarty*, 60 *Md.*, 373. There it was agreed the case should be continued, and immediately afterwards, and during the same term, the defendant moved for a judgment of *non pros.*, because the plaintiff had not complied with a rule "*security for costs*" which had been laid at a previous term, and it was held that the right to insist upon compliance with this rule was one which a party may waive, and when the defendant agreed the case should be continued, he must be considered as having waived the right *for that term*, and could not therefore insist upon a

judgment of *non pros.* at the time he demanded it. The Court below was therefore right in overruling the appellants' motion.

This dispenses with the necessity of deciding whether an appeal lies from this order, and without intending to make a precedent in favor of the right to appeal in such cases, we shall affirm the order appealed from and remand the case.

> *Order affirmed, and*
> *cause remanded.*

(Decided 16th January, 1885.)