(Decided 14th November, 1889.)

---

GEORGE F. SLOAN & BRO. *vs.* THE LOCUST POINT COMPANY OF THE CITY OF BALTIMORE, Garnishee of H. A. RAMSAY & SON.

*Judgment in Attachment—Appeal.*

From an order, striking out a judgment of condemnation in an attachment case during the term at which it was rendered, no appeal will lie.

Sloan & Bro. *vs.* Locust Point Company.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*George Whitelock,* and *Samuel D. Schmucker,* for the appellants.

*W. H. Dawson,* and *John P. Poe,* for the appellee.

STONE, J. delivered the opinion of the Court.

The appeal in this case must be dismissed. It is an appeal from an order of the Superior Court of Baltimore City, striking out a judgment of condemnation in an attachment case obtained in that Court, and which was stricken out *during the term at which it was rendered.* It hardly needs any authority to show that, as a general rule, all judgments remain, during the term at which they were rendered, under the control of the Court in which they were obtained.

Such judgments may be stricken out for fraud, surprise, mistake, or irregularity in obtaining the same, or other good reason addressed to the sound discretion of the Court at any time during the term. Such a power in the Courts is clearly necessary for the purposes of justice. It is equally obvious that the correction of its records during each term must be left to the sound legal discretion of the Court, and, being a matter of such discretion, no appeal is allowed. This is the general rule.

As we understand them, the appellants concede this; but they insist that the case of an attachment, such as the one before us, is an exception to the general rule.

No authority has been shown for such a contention, and we hardly think. any can be found. Every reason

that can be shown for allowing a Court to strike out, during the term, an ordinary judgment, applies with equal, if not greater, force to judgments obtained in attachment cases. Fraud, mistake, irregularity, or surprise, are as liable to occur in the entry of a judgment in an attachment case as any other. It makes no sort of difference whether it is a case of attachment on warrant, or an attachment upon judgment by way ef execution; the same liability to error exists, and the same duty rests upon the Court to correct the error, when it is brought to its notice.

The case of *Dawson, Adm'r vs. Contee,* 22 *Md.,* 27, so much relied on by the appellants, does not present an exception to the general rule. In that case an attachment on warrant was issued against the goods and chattels of a non-resident defendant. The attachment was returned "laid as per schedule," and the summons against the defendant returned "not found." The plaintiff moved for a judgment of condemnation, on the return of the writ; but the Court below was of opinion that no judgment could be entered until the expiration of a year and a day, unless the plaintiff first filed a bond as provided by the Act of 1715, ch. 40. The plaintiff appealed, and this Court decided that the judgment of condemnation should have been entered without the plaintiff's giving bond, and that the plaintiff was entitled to his judgment *as a matter of right,* and not as a matter resting in the discretion of the Court, and that an appeal would lie from the refusal of the Court to enter such judgment. But in the same opinion the Court says that such a judgment was subject to be stricken out during the term. It by no means follows that because a plaintiff, upon the facts as they appear upon the record, has the legal right to have a judgment entered, that the Court has not the right, in its discretion, to strike it out during the term for good reason shown.

No matter of right is determined by the striking out of a judgment during the term.   It amounts, practically, only to giving the defendant further time to present his defence.   Like motions for the continuance of a case, or for new trials, such motions are addressed to the sound legal discretion of the lower Court, and are not the subject of appeals to this Court.

*Appeal dismissed.*

