BARKER
v.
M'CLURE.

## BARKER v. M'CLURE.

The single fact, that the creditor has taken a judgment by confession from the princi-
pal debtor with a stay of execution for six months, cannot be pleaded by the surety
in bar of an action against him by the creditor. The plea in such case, to be valid,
must also show that the creditor could, by the ordinary proceedings at law, have col-
lected the money sooner from the principal debtor, than by the course which he had
pursued; and that the time was given to the principal without the surety's consent.
The issue on nul tiel record is for the Court, not for the jury, to decide.
Issues on three pleas in bar to the whole cause of action. The first triable by the
Court; the second and third by a jury. The second and third were tried and found
for the plaintiff. *Held*, that the plaintiff could not have judgment, until he had
also succeeded on the first issue.

*Tuesday,*
*November 7.*

APPEAL from the *Gibson* Circuit Court.—Debt by *M'Clure*
against *Barker* upon a writing obligatory for the payment of
200 dollars. The obligation appeared, on oyer, to be joint
and several, and to have been executed by *Prince, Sloan,* and
*Barker.* Three pleas: first, a former recovery against all the
obligors. Replication to this plea, that *M'Clure* did not recover
judgment against the three obligors, as appears by the record;
and that no such judgment does or ever did exist; and this he
is ready to verify. Second plea, that *Sloan* and *Barker* were
sureties for *Prince* in the obligation; that after the same became
due, *Prince* and *Sloan* appeared in Court, and, by agreement
with *M'Clure,* confessed judgment in his favour for the amount
due on the obligation, which judgment is still in force; and
that *M'Clure* gave *Prince* the further time of six months within
which to pay the judgment. This plea was demurred to, but,
the Court considering it good, the plaintiff withdrew his de-
murrer, and replied denying that he had given further time for
payment as the defendant had alleged. Issue on this replica-
tion. Third plea, payment. Replication in denial, and issue.
Verdict and judgment for the plaintiff below.

HOLMAN, J.—A bill of exceptions shows, that the defendant
offered parol evidence in support of his second plea,—that the
plaintiff did give further time for payment as pleaded; but the
plaintiff objected to the evidence, on the ground that if such
further time was given it could be proved by written evidence

only; and the Court sustained the objection, and rejected the evidence (1).

The rejection of this evidence is the most prominent feature in the case. It is justified by the defendant in error, on the ground that the plea is no bar to the action. The plea cannot be supported. We have seen no case where the single fact of taking a judgment of the principal, and giving a stay of execution, was of itself a release of the surety, either in law or equity. The doctrine relied on from 1 Maddock, 234, is founded on *Rees* v. *Berrington*, 2 Ves. Jr. 540. That case is, that if the obligee in a bond takes a note from the principal, and gives further time for payment, without the surety's knowledge, the surety is released in equity. It is also laid down in the same case, that if the creditor is called upon by the surety to sue for his demand, and does sue and get judgment, but gives a stay of execution without the surety's knowledge, the surety is released. This is the strongest case in the defendant's favour that we have seen in the chancery reports; and the present plea falls short of this case in two important particulars. First, this judgment seems to have been confessed without any previous process; so that it does not appear but that, after the expiration of the six months, execution might have issued as soon as it could have issued if there had been no agreement, and the regular course of preparing the suit for trial had been pursued. But the most important defect in the plea is, that it does not appear that the further time of payment was given without the knowledge of *Barker*. So that, even in equity, where sureties are chiefly recognized and peculiarly favoured, *Barker's* plea would have availed him nothing (2). But chancery is the proper tribunal to grant relief in those cases, for there the particular circumstances of each case can be set forth. This may sometimes be done in equitable actions at law; but the general principles of common law, relative to writings obligatory, know nothing of sureties.

An act of assembly has provided a method to be pursued by sureties, who are apprehensive of danger by the delay of the creditor, but it is not pretended that *Barker* has pursued that method.

The plea is, therefore, no bar to the action; and the issue formed upon it is immaterial. If that issue had been found for the defendant, a repleader should have been awarded. The

Nov. Term, 1826.

BARKER
v.
M'CLURE.

rejection of the evidence was, therefore, no injury to the defendant, inasmuch as the proving of the plea could have legally availed him nothing.

The replication to the first plea is informal. It is not a regular nul tiel record. But the existence of a judgment on record, in favour of M'Clure against Prince, Sloan, and Barker is substantially put in issue by it. This issue has not been determined. The record says, the jury "were well and truly sworn to try, &c." What the clerk intended to include under the "&c." is left to conjecture; and we hope that it is the last time so important a feature in the record shall be left to conjecture. But taking this as it is, and striking out the "&c." and inserting the word "issues," it cannot be contended that the jury were sworn to try any issues but those that were proper for a jury to try. The first issue, depending on matter of record, could not be supposed to be before the jury. That was to be determined by the Court, on inspecting the record, if any was produced. The verdict of the jury is a finding for the plaintiff generally, and determined only the second and third issues: and the judgment of the Court is upon the verdict of the jury, and has no reference whatever to the first issue. It remains undetermined, and final judgment should not have been given, until the Court had determined whether there was or was not such a record, as the defendant had alleged in his first plea.

Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

Hall, for the appellant.
Tabbs, for the appellee.

(1) The Court can only look to the judgment itself for the terms under which it was confessed. If the agreement to stay execution be not entered of record, but exist merely by parol, it cannot avail against the record.

To an action on a recognizance of bail, the defendant pleaded that, without his privity, the plaintiff had agreed to take security from the principal. This plea, on demurrer, was held to be insufficient at law, on the ground that an agreement by parol cannot be pleaded in bar of an obligation by record. Bulteel v. Jarrold, 8 Pri. 467.

Vide, also, the cases of Davey v. Prendergrass and The United States v. Howell, referred to in note (2) to Braman v. Howk, Vol. 1. of these Rep. 394.

(2) In an action by the indorsee against the indorser of a bill, it was held that the defendant was not discharged by the plaintiff's having taken from the acceptor a cognovit giving three weeks' time, which was a period short of that in which judgment could have been obtained against him, Jay v. Warren, 1 Carr. & Payne, 532.

A motion was made for an injunction to restrain the defendant, the administrator of *A.*, from proceeding at law against the plaintiff, on a bond given to the intestate by *B.* and the plaintiff as his surety. The facts on which this motion was founded were, that in *June*, 1817, *A.* sued *B.* on the bond, and in the same month took a cognovit from him for the debt, with a stipulation that judgment should not be entered up, nor execution issued, until the 1st of *August* following. This proceeding, it was contended, was a giving of time to the principal, which discharged the surety. Per the Vice Chancellor.—"The principle of discharging a surety by the giving of time by the creditor, is a refinement of a Court of equity; and I will not refine upon it. By the arrangement complained of, time was not given, but the remedy was accelerated." *Hulme* v. *Coles*, 2 Simons, 12.

On the 12th of *February*, pending a suit in which special bail had justified, the defendant gave a cognovit for the payment of the debt by three instalments; the first payable on the 26th of *February* instant; the others within two or three months afterwards, with a stay of execution until default. The first instalment not being paid, the plaintiff signed judgment on the 27th of the same month of *February*. Part of the money was made on a fi. fa. A ca. sa. was issued for the residue, and returned non est inventus. Debt was then brought against the bail on the recognizance; and they moved to set aside the proceedings against them. The ground of the motion was, that the bail were discharged by the cognovit. Per *Tenterden*, C. J.—"We are clearly of opinion, that bail are not discharged by the plaintiff's taking a cognovit from their principal without their consent or knowledge, unless, by the terms of the cognovit, he is to have a longer time for the payment of the debt and costs, than he would have if the plaintiff had proceeded regularly in the action." *Stevenson* v. *Roche*, 9 Barn. & Cress. 707.

There is a still later case to the same effect; in which *Bayley*, J. says—"It is a well established rule that a cognovit by the principal, without notice to the bail, does not discharge them, unless time be given to the former beyond that in which the plaintiff would have been entitled to judgment and execution, had he gone to trial in the original cause." *Price* v. *Edmunds*, 10 Barn. & Cress. 578.

A surety, having been applied to by the solicitors of the creditor for payment, told the principal to see the solicitors and do the best he could with them. The principal, accordingly, went to the solicitors and made an arrangement with them for further credit. The surety contended that this arrangement discharged him. But the chancellor held, that, as the arrangement was made under the surety's authority, he could not be relieved. *Tyson* v. *Cox*, 1 Turner, C. C. 395.

It appeared that the holder of a bill, of which payment had been refused, informed the drawer of his intention to take from the acceptor security for payment by instalments, and the drawer answered that the holder might do as he liked, for he was discharged already in consequence of the want of notice; when in fact he was not discharged—due notice having been given. *Held*, that the drawer was not discharged by the plaintiff's giving time, under those circumstances, to the acceptor; because his answer was thought to amount to an assent to the plaintiff's taking the warrant of attorney from the acceptor. *Clarke* v. *Devlin*, 3 Bos. & Pul. 363.

Vide, also, as to the effect of giving time to the principal without the surety's consent, Theobald on Prin. and Sur. 127—139.—Note (2) to *Braman* v. *Howk*, Vol. 1. of these Rep. 394.