# DONAT CURIAC v. ALBERT PACKARD AND LEWIS T. BURTON.

DISCHARGE OF SURETIES ON BOND TO SHERIFF.—If the principals in a bond given to a Sheriff to release goods from attachment, tender to the plaintiff in the attachment suit the full amount of his debt and costs, and the plaintiff refuses to receive the tender, the sureties are discharged from their obligation on the bond; and for the purpose of discharging the sureties, it is not necessary that such tender be paid into Court, or kept good.

UNDERTAKING TO PROCURE RELEASE OF ATTACHMENT.—An undertaking given to a Sheriff to procure a release of goods attached, is for the benefit of the plaintiff, who may sue on it, and if the Sheriff takes a sufficient statutory undertaking, he has no further responsibility.

FORM OF UNDERTAKING TO DISCHARGE GOODS ATTACHED.—A common law bond, in form, upon the prescribed statutory conditions, given to a Sheriff to procure a discharge of goods attached, is a sufficient compliance with the provisions of the statute.

ADMISSION OF INCOMPETENT TESTIMONY WITHOUT OBJECTION.—If testimony not competent in law to prove a fact is admitted without objection, and the testimony is treated by the parties as competent in the Court below, the question as to its competency cannot be raised in the appellate Court.

APPEAL from the District Court, First Judicial District, Santa Barbara County.

The following is the bond given to the Sheriff on which suit was brought:

"Know all men by these presents, that we, Domingo Abadie & Brothers as principals, and Albert Packard and Lewis T. Burton as sureties, are held and firmly bound unto Thomas Dennis, Sheriff of the County of Santa Barbara, in the sum of twenty-five hundred dollars, lawful money of the United States, for the payment of which, well and truly to be paid to the said Sheriff or his assigns, for which payment, well and truly to be paid, we bind ourselves, our heirs and assigns, jointly and severally by these presents, sealed with our seals, and dated this 15th day of December, 1862.

"The condition of the above obligation is such that, whereas the above named Sheriff has by virtue of a writ of attachment, issued under the seal of the above named Court, levied upon the stock of goods now in the Washington Store, in the City of Santa Barbara; now, therefore, if the said plaintiff

recover judgment as against the said defendants in the above entitled action, that the said judgment will be well and truly paid to the extent of said sum of twenty-five hundred dollars, including costs."

The other facts are stated in the opinion of the Court.

*S. F. & J. Reynolds*, for Appellant, argued that the bond was a simple bond of indemnity to the Sheriff; that the plaintiff in the action had no interest in it, and that a tender to him did not discharge the sureties. They further contended that even admitting a tender to the plaintiff could discharge the sureties, that the tender was not good because the money was not paid into Court with the plea, and cited Grah. Prac. 249; *Petlin* v. *Shelton*, 1 Strange, 638; and 1 Tidd's Prac. 640, 643. They further insisted that if the bond was not one of indemnity to the Sheriff, it was a covenant to pay the amount of the judgment, to secure which the property was attached, and cited *Post* v. *Jackson*, 17 John. 245.

*Eugene Lies*, for Respondent, argued that the tender once made, released the sureties, inasmuch as they merely undertook that the principal would do the very thing which he did do when he made the tender, and cited *Hayes* v. *Josephi*, 26 Cal. 535.

By the Court, SAWYER, J.

Plaintiff, Curiac, sued the firm of D. Abadie Frères, December 15th, 1862, and attached their stock of goods. Thereupon Abadie Frères, as principals, with defendants Packard and Burton as sureties, gave to the Sheriff a bond entitled in said cause, in the sum of two thousand five hundred dollars, reciting the attachment by him of said goods, and conditioned that "if the said plaintiff recover judgment as against the said defendants in the above entitled action, that the said judgment will be well and truly paid to the extent of the said sum of two thousand five hundred dollars, including costs." Upon

the execution of the bond, the property attached was released. The next day after giving the said bond, (December 16th) the defendants in that suit, Abadie Frères, tendered to the plaintiff in the suit the sum of two thousand dollars—the principal of the note in suit—in United States legal tender notes, claiming that they should be received at their face ; and the full amount of interest and costs accrued in the suit in coin. The plaintiff offered to receive the legal tenders at their market value, and credit the amount on the notes, but refused to receive the sums tendered at the full value expressed on the face of the notes. A paper entitled in the cause admitting the tender as above stated, signed "Charles E. Huse, attorney for plaintiff," was filed in that cause. Defendants never answered, and judgment by default was entered against them, March 18th, 1864, for the amount of the note, interest and costs. The judgment not being paid, the Sheriff assigned the beforementioned bond, executed by defendants, Packard and Burton, as sureties for "Abadie Frères," to plaintiff, Curiac, who thereupon commenced this suit. The defendants, in their answer, aver that after the making of the said bond the said principals, "Abadie Frères," tendered to plaintiff the full amount of the sum due in the action against them, which the bond was given to secure, together with interest and costs then accrued, and that thereby the said sureties became and were discharged. Upon the trial the Court found the facts as alleged, held the sureties to be discharged by the tender, and accordingly rendered judgment for defendants. A motion for new trial having been made and denied, the plaintiff appealed from the order.

Appellant insists that the only evidence of the tender is the admission in writing, by plaintiff's attorney, filed in the case of *Curiac* v. *Abadie et al.*, and that the admission thus made in another case by the attorney of record is not evidence of the fact in this case. The Judge, in his finding, says the facts were admitted. The statement does not, however, directly so state. But it appears by the statement that "the defendant offered and read in evidence, without objection, the admission

of Charles E. Huse, attorney for plaintiff in said action of *Curiac* v. *Abadie Brothers* * * * as follows:" giving a copy of the admission in writing before referred to. And that " at the trial the plaintiff asked the Court to decide, as a matter of law, 'that the tender of greenbacks made by Abadie Brothers, in *Curiac* v. *Abadie Brothers*, which was not accepted, nor was the money paid into Court, furnished no defense to Packard and Burton, the defendants in the present action.' That the Court refused so to decide, to which ruling of the Court the plaintiff excepted." No question as to the competency of this evidence to prove the fact of tender appears to have been made at the trial. Nor do we understand this to be the point of the specification of the ground of new trial in the statement. But the question raised was as to whether the facts shown constituted a valid tender. The testimony having been admitted to prove the fact, without objection, and treated as competent, and the fact of the tender having been treated by all parties as proved, it is now too late for the first time to raise the question, even admitting, for the purposes of the argument, the testimony to be incompetent. Had the objection been made at the proper time, other testimony would doubtless have been introduced.

The question, therefore, is, did the tender discharge the sureties? We think it did. The contract of the defendants, both in substance and form, was one of suretyship, to secure the sum due the plaintiff from Abadie Brothers—if anything should be found due—to the amount of twenty-five hundred dollars. The full amount due for principal, interest and costs of suit, was subsequently tendered in lawful money by Abadie Brothers to the plaintiff, and he had an opportunity to receive his money from the principals in the bond. His refusal to accept it was a breach of good faith toward the sureties, and their interests were imperilled by the wrongful acts of the plaintiff. The averments of plaintiff's complaint show, that, in point of fact, the principals have become " utterly bankrupt," so that, in all probability, if plaintiff should recover in this action, the loss would fall upon the sureties—and this in

consequence of the act of the plaintiff. Such liability to loss is the reason given for the rule that sureties are discharged by any act of bad faith in relation to their contract on the part of their obligees.

"The contract of suretyship becomes extinct or discharged by a lawful tender made by the principal or his authorized agent to the creditor or his authorized agent." (Bouvier's Law Dictionary, title, "Suretyship.") But we have recently fully discussed the rights of sureties in the case of *Hayes* v. *Josephi*, 26 Cal. 535. We there said: "So when the means of satisfying the debt subsequently comes into the hands of the creditor, and he does not avail himself of such means, but parts with them without the knowledge or consent of the surety, the surety is discharged. (*Baker* v. *Briggs*, 8 Pick. 129 ; *Hays* v. *Ward*, 4 John. Ch. 129 ; 8 Serg. and R. 457 ; Serg. and R. 157.) Under these authorities, certainly a tender by the principal debtor, and a refusal by the creditor to accept the money, would discharge the surety." We see no reason to doubt the soundness of these views. Defendants were sureties for the debt for which the tender was made, and the question is not, what might be its effect upon the question of costs between the parties to the suit—but whether there was such a tender as made it the duty of the plaintiff to receive the money and exonerate the sureties.

We think the new trial was properly denied, even though the particular reason assigned may not have been the proper one.

Order denying new trial affirmed.

By the Court, Sawyer, J., on rehearing.

When a rehearing was granted, we had overlooked a clause in section one hundred twenty-three of the Practice Act, as amended in 1860, and were under the impression that sections one hundred thirty-six and one hundred thirty-seven controlled the case.

Section one hundred twenty-three of the Practice Act pro-

vides that the writ of attachment shall be directed to the
Sheriff, etc., and requires him to attach and safely keep all the
property of the defendant, etc., " *unless the defendant gives him
security by the undertaking* of at least two sufficient sureties to
satisfy such demand, besides costs; or in an *amount equal to
the value of the property* which *has been* or *is about to be*
attached, *in which case to take such undertaking.*" The under-
taking, then, if sufficient and answers the requirements of the
statute, is to be taken when the property " *has been* " as well
as when it " *is about to be* attached." The undertaking
required by the statute is to be taken instead of the property
of the defendant, and is for the benefit of the plaintiff, who is
the party in interest, and not for the protection of the Sheriff.
It is the mode prescribed by the statute for securing the
demand pending the action. If the Sheriff takes a sufficient
statutory undertaking his duty in the premises is discharged,
and he has no further responsibility in the matter. The rest
concerns the plaintiff and the sureties on the undertaking. It
only remains to be determined whether the instrument in suit
fulfils the requirements of the statute. It was evidently
intended to be—and we think it substantially is—a compli-
ance with the provisions of section one hundred twenty-three.
It is under seal and in the form of a common law bond with a
condition. But the statute does not prescribe the form of the
instrument. It is to be an undertaking, and an undertaking
is an engagement by one of the parties to a contract to the
other, and not the mutual engagements of the parties to each
other. There is necessarily an engagement by the party on
one side only. (Bouv. Law Dic., 611.) It may be under seal
in the form of a common law bond, or without seal in any
form that substantially expresses the obligation required by
the statute. (*Episcopal Church of St. Peter* v. *Varian*, 28
Barb. 645; *Conklin* v. *Dutcher*, 5 How. Pr. R. 388; *Town of
Guilford* v. *Cornell*, 4 Abb. 220.) The sureties undertake that
the judgment shall be paid, including costs, to the extent of
two thousand five hundred dollars. There is no complaint
made that this amount is not equal to the value of the prop-

erty attached.   We think the undertaking a substantial com-
pliance with the statute.   That being so, it is an obligation
in favor of plaintiff in the action, notwithstanding it runs in
the name of the Sheriff.   The plaintiff is the real party in
interest, and he may sue upon it as such.   Section one hun-
dred thirty-four provides that " If the execution be returned
unsatisfied, in whole or in part, the plaintiff may prosecute
any undertaking given pursuant to section one hundred twenty-
three."   It was so held in relation to a bond under seal, run-
ning in the name of the State of California, given to procure
an attachment under section one hundred twenty-two, where
there was no such express provision as is contained in section
one hundred thirty-four.   (*Taaffe* v. *Rosenthal*, 7 Cal. 515;
see, also, *Baker* v. *Bartol*, 7 Cal. 553.)   The tender was made
to the plaintiff, the real party in interest, and discharged the
sureties.   And for the purpose of discharging the sureties it
was unnecessary that the tender should be kept good.   The
judgment rendered on the former hearing was correct.

Order denying a new trial affirmed.