[No. 3,102.]

## HAYWARD H. HOWE *v.* UNION INSURANCE COMPANY.

ATTACHMENT LIEN DISSOLVED BY BANKRUPTCY OF DEBTOR AFTER JUDGMENT. — Where Howe commenced an attachment suit against McCann, and garnished money of McCann's in the Union Insurance Company, and afterwards recovered judgment and issued execution to the

Sheriff, who, however, did not receive the money or actually levy the execution, and before any further steps, and within four months of the issuance of the attachment, proceedings in bankruptcy were commenced against McCann, and an assignee of his estate appointed: *held*, that the proceedings in bankruptcy dissolved the lien under the garnishment, and that neither the judgment nor execution, without an actual levy or receipt by the Sheriff of the money, would create any other lien.

JUDGMENT AND EXECUTION, WITHOUT LEVY, DO NOT CONVERT ATTACHMENT LIEN INTO "LIEN UNDER FINAL PROCESS."—In case of a garnishment in an attachment suit, the mere recovery of judgment and issuance of execution will not, without a receipt by the Sheriff of the property, or an actual levy of the execution, create any additional lien upon the fund garnished, nor convert the attachment lien into a "lien under final process," within the meaning of section twenty of the Bankrupt Law.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

It appears from the findings in this case, that on December 4th, 1869, plaintiff commenced a suit, to recover one thousand four hundred and sixty-five dollars, against Henry McCann, in the Sixth District Court, Sacramento County, and issued a writ of attachment to the Sheriff of the City and County of San Francisco, which was duly served, by way of garnishment, upon the Union Insurance Company. On December 18th, 1869, plaintiff recoverd judgment in that action and caused a writ of execution to be issued to, and placed in the hands of, the Sheriff of San Francisco, who, on December twentieth, proceeded with it to the office of the Union Insurance Company for the purpose of collecting the money garnished. The Secretary of the company admitted that there was then, and had been when the garnishment was served, one thousand dollars belonging to McCann in the hands of the company; but he declined to apply the same to the satisfaction of the execution at that time, on the ground that the money was due on a policy of insurance, by the terms of which the company was not re-

quired to pay under sixty days. There was no levy, or attempted levy, of the execution.

On December 23d, 1869, a petition in involuntary bankruptcy was filed against McCann in the United States District Court, which, on January 4th, 1870, adjudged him a bankrupt; and soon afterwards, Henry C. Hyde, who was appointed assignee of his estate, demanded of the insurance company the one thousand dollars, so in its hands, as a portion of the bankrupt effects. The company formally declined to pay, but without making any claim upon the fund except as a mere stakeholder, for whoever should be found entitled to it.

Under these circumstances, and upon proper intermediate proceedings, this action was commenced by the plaintiff as garnishor against the defendant as garnishee. Defendant answered, disclaiming any interest in the fund, but setting up the facts, and praying that Hyde, as assignee in bankruptcy, might be made a party, and judgment rendered ordering to which of the parties, plaintiff or Hyde, the money should be paid. Mr. Hyde also answered, by way of intervention, and claimed the money as against the plaintiff, by virtue of the bankrupt proceedings and his official character as assignee.

There was a judgment in the Court below in favor of Mr. Hyde, as assignee in bankruptcy; and, a new trial having been denied, plaintiff appealed from the judgment and order.

*S. Solon Holl* and *Estee & McLauren,* for Appellant.

The levy of the attachment created a lien on the funds in the hands of the defendant, to secure the payment of the plaintiff's debt, within the meaning of section twenty of the United States Bankrupt Law. (*Peck* v. *Jenning,* 7 How. 611; *Kittridge* v. *Warren,* 14 N. H. 509; *Kittridge* v. *Emerson,* 15 N. H. 227; *Kilborn* v. *Lyman,* 6 Met. 304.)

The lien was not dissolved by section fourteen of the Bankrupt Act. The proceedings in bankruptcy were not taken until five days after Howe obtained his judgment against McCann. After judgment attached, property is not held upon "mesne process," within the meaning of that term in said section fourteen. (*In the Matter of Cook*, 2 Story, 379; *Franklin Bank* v. *Bachelder*, 23 Me. 60; Practice Act, Secs. 120, 124, 127, 130, 132, and 217.)

Under our practice, an actual levy is not necessary when the property sought to be subjected to the execution is held on attachment. The attachment holds the property, and the execution comes as a power to sell or collect money. (*Bagley* v. *Ward*, 37 Cal. 121; *Wood* v. *Colvin*, 5 Hill, 228; *Cresson* v. *Stout*, 17 Johns. 115; *Van Winkle* v. *Udall*, 1 Hill, 559.)

*Sidney V. Smith & Son*, for Respondents.

Plaintiff's attachment was made within four months next preceding the commencement of the bankruptcy proceedings against McCann, and was therefore dissolved by operation of law upon the assignment to Hyde.

The nature of an attachment lien is not affected by the fact of a judgment obtained in the action. Even after judgment, the attachment continues to be what it was originally: "an attachment on mesne process." (*Andrews* v. *Southwick*, 13 Met. 535; Bump on Bankruptcy, 329; *Pennington* v. *Lowenstein*, 1 Bankrupt Register, 157; *Corner* v. *Mallory*, 31 Md. 478; 3 Bl. Com. 379; Bouvier's Law Dic. " Mesne;" 31 Md. 38.)

Plaintiff had no other lien but that which depended on the attachment. The judgment gave him no lien, not being able, of its own force, to become a charge on personal property. The attempted levy of the execution was a failure, and did not affect, in any way, the moneys in the hands of the insurance company. (*Dutertre* v. *Driard*, 7 Cal. 549; Practice Act, Secs. 217 and 126.)

The rule that an actual levy is not necessary to subject attached property to execution, applies only to cases where personal property has been taken into actual possession by a Sheriff by virtue of an attachment. Here, however, the money was not in the hands of the Sheriff, but had been merely levied upon by way of garnishment; and in order for the Sheriff to get possession of it, a regular levy of the execution was necessary.

By the Court, CROCKETT, J.:

The plaintiff having commenced an action against one McCann, sued out an attachment therein, under which the defendant in this action was duly summoned as a garnishee. When thus summoned the defendant was indebted to McCann in the sum of one thousand dollars. Whilst the attachment and garnishment remained in force the plaintiff obtained a judgment against McCann for about the sum of one thousand four hundred dollars, on which judgment an execution was immediately issued and placed in the hands of the Sheriff, who, by virtue thereof, applied to the defendant in this action for the payment of the one thousand dollars previously attached; but this request was not complied with, and the money was not paid; nor did the Sheriff levy the execution upon the fund in the hands of the defendant, supposing, from what transpired at the time, that the money would be paid in a day or two without an actual levy of the execution. Before any further step had been taken, and within less than four months from the time when the attachment was issued and served, proceedings were commenced in due form in the District Court of the United States against McCann, to have him declared a bankrupt; and, subsequently, in due time, the intervenor, Hyde, was duly appointed assignee of the bankrupt's estate, and received an assignment thereof. By section fourteen of the Bankrupt Law of the United States it

is provided that all attachments upon mesne process within
four months before the commencement of the proceedings
in bankruptcy shall be thereby dissolved, in case the defend-
ant in the attachment be declared a bankrupt.    Under this
section it is clear that if the proceedings in bankruptcy had
been commenced before the plaintiff obtained his judgment
against McCann, the attachment would have been dissolved
and the plaintiff would have lost his lien upon the fund in
the hands of the insurance company.    It is equally clear that
if the plaintiff had obtained his judgment, issued his execu-
tion thereon, and caused the same to be actually levied upon
the fund before the proceedings in bankruptcy were com-
menced, he would have acquired a lien upon the fund which
would not have been divested by the proceedings in bank-
ruptcy.    In that case his lien would have accrued under final
and not under mesne process, and would have been protected
under section twenty of the Bankrupt Law.    But inasmuch
as the execution was not, in fact, levied, neither the judg-
ment nor execution created any lien upon the fund other than
that under which it had been previously held.    If the insur-
ance company had paid the money to the Sheriff at the time
when it was summoned as garnishee under the attachment,
as it had the right to do, and if the plaintiff had thereafter
obtained his judgment against McCann, and issued his exe-
cution and placed it in the Sheriff's hands before the pro-
ceedings in bankruptcy were commenced, it would have been
the duty of the Sheriff immediately to apply the money re-
ceived under the attachment toward the satisfaction of the
execution; and under section one hundred and thirty-two of
the code the plaintiff would have acquired a lien under final
process, within the meaning of section twenty of the Bank-
rupt Law.    But when there is no money or property in the
hands of the Sheriff under the attachment prior to the judg-
ment, I do not perceive how the mere fact that a judgment
was rendered and an execution issued, but not levied, can

have the effect to convert the attachment lien upon a fund in the hands of a garnishee into a lien upon final process. It appears to me to be plain that in such a case the attachment lien remains, after the judgment and before the levy of the execution, precisely what it was before, to wit: an attachment under mesne process, and is therefore dissolved under section fourteen of the Bankrupt Law, by proceedings in bankruptcy commenced within four months after the attachment.

Judgment affirmed.

WALLACE, J., concurring specially:

I concur in the judgment and in the general views expressed by my associates. I am not satisfied, however, as maintained in the opinion of Mr. Justice CROCKETT, that the case would have been substantially different, even had the Sheriff actually received and held the money in the first instance, under the writ of attachment. It is suggested in the opinion that in such case the mere subsequent receipt of the writ of execution by the Sheriff would have, *ipso facto,* converted the attachment lien into one under final process, even though the officer had, in reality, taken no step whatever in pursuance of the writ of execution.

This is supposed to result because it would, in such case, be the *duty* of the Sheriff to apply the money in his hands to the satisfaction of the execution. Though such, however, be his duty in that respect, he may, nevertheless, neglect to perform it, and in that case, should he take no step whatever pursuant to the writ of execution, it might be argued, with some degree of plausibility at least, that the money in his hands would still be held only by virtue of the attachment lien, under which it had been before then held. The question will, in my opinion, deserve consideration, should it arise in some future case; and, as it is not involved in the present

Points decided.

controversy, I do not wish to be understood as expressing an opinion upon it.

Mr. Chief Justice SPRAGUE did not participate in the decision of this case.