[In Bank.— December 29, 1883.]

## O. J. PRESTON ET AL., RESPONDENTS, v. WILLIAM HOOD ET AL., APPELLANTS.

ATTACHMENTS — LIABILITY OF SURETIES ON UNDERTAKING TO PREVENT LEVY.— Where, by the terms of an undertaking to prevent the levy of an attachment, the parties thereto undertook to pay, on demand, any judgment which the attaching creditor might recover against the attachment debtor, they are not, as between themselves and the attaching creditor, released from liability by reason of the sheriff having attached property prior to the giving of the undertaking and subsequently released it, nor because the judgment in the attachment suit was entered by consent and execution stayed for sixty days by stipulation of the parties.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of MR. JUSTICE MYRICK.

*A. D. Splivalo,* and *E. J. & J. H. Moore,* for Appellants.

There is no averment nor evidence that the bond did prevent the levy; but, on the contrary, that it did not. Plaintiffs' own act (the prior levy) had already made the bond wholly without consideration, nugatory and void. The injury the bond was conditioned to prevent, plaintiffs had already inflicted. The bond was not conditioned to release, but to *prevent* attachment; nothing less and nothing different. Not having alleged or proved such preventing, plaintiffs made no case. (*Coburn* v. *Pearson,* 57 Cal. 306, and citations; *Los Angeles* v. *Babcock,* 45 Cal. 252; *Jenner* v. *Stroh,* 52 Cal. 504; *Palmer* v. *Melwir,* 6 Cal. 651; *Williamson* v. *Blattan,* 9 Cal. 501.) The sureties were released by the stay of execution of the judgment. (Brandt on Suretyship, etc. p. 493, § 326; *Wingate* v. *Wilson,* 53 Ind. 78; *State* v. *Hammond's Executors,* 6 Gill & J. 157; *Clippin-*

*ger* v. *Creps*, 2 Watts, 45; *Seawell* v. *Cohn*, 2 Nev. 308.) All bonds are taken *stricti juris*, in favor of sureties. (*People* v. *Buster*, 11 Cal. 215; *Schloss* v. *White*, 16 Cal. 65.) Any valid extension of time, however short, given by the creditor to the debtor, as by stay of execution, without the sureties' consent, exonerates them. (Brandt on Suretyship, p. 104, *et seq.* p. 439, and citations; Baylies on Sureties, p. 243, and citations; *Smith* v. *Rice*, 27 Mo. 505–507; *King* v. *Baldwin*, 2 Johns. Ch. 554–559; *Fullam* v. *Valentine*, 11 Pick. 155, 159.) Though no harm is done to the sureties. (*Miller* v. *McCan*, 7 Paige, 455; *Rathbone* v. *Warren*, 10 Johns. 587–589; 3 Wend. 24; 11 Wend. 312; *Fordyce* v. *Ellis*, 29 Cal. 96–101; *Hayes* v. *Josephi*, 26 Cal. 535, 542, 543; *Humphreys* v. *Crane*, 5 Cal. 173; 5 Ohio, 208; *Blaine* v. *Hubbard*; 4 Pa. St. 183; *Ward* v. *Johnston*, 6 Munf. 6; Brandt on Sureties, etc., §§ 323–325; *Rees* v. *Berrington*, 2 Ves. Jr. 540–544; 4 Ves. Jr. 824; 18 Ves. Jr. 20; Civ. Code, § 2819.) Even should the extension be a benefit to the surety. (Brandt, §§ 296, 297, 298; Freeman on Judgments, § 266.)

*Walter Van Dyke*, for Respondents.

The object of the bond — to allow the defendant in the action in which it was given, to retain the possession and use of the property attached, or to be attached — was accomplished and those who executed it cannot be heard to question its consideration. (*McMillan* v. *Dana*, 18 Cal. 339; *Curiac* v. *Packard*, 29 Cal. 194; *Heynemann* v. *Eder*, 17 Cal. 433; *Smith* v. *Fargo*, 57 Cal. 157.) There is no pretense that the defendants were in the least prejudiced by the stay of execution. (*Hayes* v. *Josephi*, 26 Cal. 541–543; Bailies on Sureties, p. 219, ch. xii.; *Humphrey* v. *Hitt*, 6 Gratt. 509; *McKecknie* v. *Ward*, 58 N. Y. 541; *Schroeppell* v. *Shaw*, 3 N. Y. 446–462; *Clark* v. *Sickler*, 64 N. Y. 231; *Summerhill* v. *Tapp*, 52 Ala. 227; *Hartman* v. *Burlingame*, 9 Cal. 561; *Dane* v. *Corduan*, 24 Cal. 157–165.)

MYRICK, J.—This is an action on an undertaking given under section 540 of the Code of Civil Procedure, the defendants being the sureties. Two questions are presented for consideration.

First. The complaint avers the issuance of the attachment, and that the sheriff proceeded to execute the writ, and that the defendant in the action, to prevent the levy, gave the undertaking herein sued on; that upon the delivery of the undertaking the sheriff released the property attached, and returned the writ and undertaking. The undertaking recites the issuance of the writ, whereby the sheriff was commanded to attach and safely keep the property of the defendant therein named, unless he give security by undertaking in an amount sufficient to satisfy the demand, and states that, "whereas the said defendant is desirous of giving the undertaking mentioned in the said writ, now, therefore," etc., "in consideration of the premises, and to prevent the levy of said attachment," etc. The court found that the sheriff, upon receiving the writ, proceeded to execute it, and levied upon some property belonging to the defendant named therein, and that upon the giving of the undertaking the sheriff did not attach any further property, and released what property he had levied upon, and returned the writ with the undertaking.

The defendants herein contend that their undertaking was to prevent a levy, not for the release of a levy, and that as property of sufficient value to pay the demand had been seized before the giving of the undertaking, there is no liability on their part.

There are in the Code of Civil Procedure two distinct provisions for undertakings in attachment proceedings: First, that in section 540, by which the undertaking is delivered to the sheriff, and the parties deal directly with him; and second, that in section 554, where the court is to order the discharge, after the defendant has appeared. This case is under section 540. The undertaking refers to a writ authorized by that section, and recites "Whereas the defendant is desirous of giving the undertaking mentioned in said writ," and the section distinctly states that the writ must require the sheriff [which the writ in this case did] to attach and safely keep the property of the defendant, unless an undertaking be given in an amount sufficient to satisfy the demand, or in an amount equal to the value of the property which has been or is about to be attached, in which case to take the undertaking. Here is a distinct recognition of the fact that the sheriff may have commenced the execution of

the writ, and may have attached some property, before the delivery of the undertaking. (*Curiac* v. *Packard*, 29 Cal. 199, per Sawyer, J.), and he is required to take the undertaking, and proceed no further. In the absence of an undertaking he is commanded not only to attach, but to *safely keep ;* the giving of the undertaking not only prevents him from making any further levy, but it prevents him from keeping any property already attached, and releases any levy already made, and substitutes the security of the undertaking in the place of property which *has been* or *is about to be* attached.

Second. The plaintiffs offered in evidence the judgment roll in the attachment suit, showing the rendition of judgment in their favor. No extension of time appeared in the roll. The defendants offered in evidence the minutes of the court, stating that the cause came on regularly for trial, the attorneys for the respective parties being present, and that by consent of counsel in open court, judgment was directed to be entered in favor of plaintiffs and against defendants; then followed the sentence: "By consent of respective counsel, it is ordered that proceedings on execution be stayed for sixty days." The plaintiffs objected to the evidence on the ground that the judgment, as appearing in the roll, could not be changed or modified by the evidence offered. The minutes did not change or modify the judgment; it was competent for the defendants to prove, if they could, an agreement between the parties to that suit for an extension of time; and the evidence was offered for that purpose. The defendants in this action claim that such extension, being without their consent, released them from liability on the undertaking, they being sureties merely. That they are sureties, and not original obligors, is amply sustained, as well by section 540 of the Code of Civil Procedure, as by the opinion of this court in *Curiac* v. *Packard*, 29 Cal. 197.

There is no doubt as to the general position, that if the obligee make a valid contract with the obligor, for a consideration, to extend the time for payment, such contract will discharge the sureties if made without their consent. The question is: Does this case come within the general proposition ?

Forbearance will not discharge the surety, nor will a direction to the sheriff to return an execution without levy; but if

a seizure of personal property has been had, a direction to release the property seized will operate as a discharge *pro tanto*. In *Hulme* v. *Coles*, 2 Sim. 13, an action was commenced in June, on a bond, and on the 23d of that month, without the privity of the surety, the obligee took from the obligor a cognovit for the amount of the debt, with a stipulation that no judgment should be entered up or execution issued until the 1st of August following; held, by the arrangement complained of, time was not given, but the remedy was accelerated.

So, in *Fletcher* v. *Gamble*, 3 Ala. 335, it was held that a confession of judgment by the principal debtor, and stay of execution by the creditor until the next term of court, was not such a giving day of payment as would exonerate the surety; the delays which the debtor may have by operation of law, even if by arrangement between the parties, is not giving time. (See also *Suydam* v. *Vance*, 2 McLean, 99, to the same effect.)

In *Barker* v. *McClure*, 2 Blackf. 14, it was held that the single fact of taking a judgment by confession, with stay of execution for six months, was not sufficient to discharge the surety, in the absence of proof that with the judgment by confession and stay, the money could not have been collected as speedily as by the usual course of proceedings.

In the case before us, the judgment was by consent. By consenting to the judgment, the defendant practically waived any ground he might otherwise have had for motion for new trial and of appeal.

We cannot say nor did the defendants in this case attempt or offer to prove, that without the consent for the judgment it could or would have become final and conclusive (in the sense of not being reviewable) before the expiration of sixty days. It may have been, that when this case was called for trial, the plaintiffs were not ready, in consequence whereof a continuance might have been granted to a day beyond the sixty days, the time depending upon other business before the court, and the plaintiffs rather than have such delay were willing to grant the time named, taking their judgment then.

We have not noticed all the points presented; but the above is practically a disposition of them.

Judgment and order affirmed.

Morrison, C. J., Sharpstein, J., and McKinstry, J., concurring. — We concur. By the express terms of the undertaking the defendants in this action undertook to pay, on demand, any judgment which the attaching creditor might recover against the attachment debtor. In view of this we think the defendants cannot, as between themselves and the plaintiff, be considered in the light of mere sureties.

Petition for rehearing denied.