[Civ. No. 6637. First Appellate District, Division One.—November 6, 1929.]

BARRIOS & COMPANY, INC. (a Corporation), Appellant, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Respondent.

Goldman & Altman for Appellant.

Glensor, Clewe & Van Dine and Harold H. Price for Respondent.

TYLER, P. J.—This action was brought to recover the sum of $1514.71 upon an undertaking executed by defendant for the release of an attachment levied in a case wherein appellant was plaintiff and G. V. Pettigrew Company defendant.

The complaint alleged the commencement of the action by plaintiff herein against G. V. Pettigrew Company, the issuance of a writ of attachment therein and levy of the same upon moneys on deposit to the credit of Pettigrew Company in the American Bank of San Francisco, which sum, it was further alleged, was in excess of the amount sued for. The issuance of an order for the release of the attachment upon the filing of the undertaking above referred to was then alleged, as was also the obtaining of a final judgment in favor of plaintiff and against the Pettigrew Company for the amount heretofore stated. Further allegations recited that the judgment remained wholly unpaid; that demand was made upon defendant herein for the return by it of the money attached, which demand was refused. Defendant, by answer, in substance, alleged that there was no money or property levied upon under or pursuant to the writ of attachment, and there was, therefore, no property to be redelivered by it. The trial court found that at the time the writ of attachment was levied by plaintiff there was on deposit in the name of the Pettigrew Company with the said bank a sum in excess of three thousand dollars, and it further found that at that time the Pettigrew Company was indebted to the bank in the sum of ten thousand dollars. It also found that the company was insolvent, and the bank, by reason thereof, had no money in its possession or under its control belonging to such insolvent company. The finding that the bank had no funds in its possession belonging to the company was based upon evidence that it had applied the amount of the account under

its bankers' lien to the unpaid indebtedness of such company, and accordingly made return to the sheriff that there was no balance due. Judgment went in favor of defendant surety company, and plaintiff appeals.

The contention is made, in support of the appeal, that the filing of the bond for releasing the attachment made it incumbent upon the defendant in this action, upon the final determination of the case of *Barrios* v. *Pettigrew* in favor of plaintiff, to place plaintiff in the same position as it was at the time of the levy of the attachment, namely, to have available in the bank to the order of the Pettigrew Company a sum sufficient to satisfy the judgment against it, and upon failure so to do, plaintiff was entitled to a judgment against the surety company for the amount of its claim against the Pettigrew Company in the amount fixed by the final judgment. Defendant, on the other hand, contends that the bank had a lien upon the funds attached and had a right to exercise its lien, and when it did in fact do so, there was no money on deposit with the bank subject to attachment in the action against the Pettigrew Company, and this being so, there was nothing to redeliver.

■ There can be no question that where a depositor in a bank becomes insolvent the bank may declare its unmatured indebtedness due and payable and exercise its bankers' lien. (*Pendleton* v. *Hellman Com. Bank,* 58 Cal. App. 448 [208 Pac. 702].) But whether it rightfully or wrongfully exercises this right is a question with which we are not here concerned. Whether the fund belongs to a third party or for any reason was not legally subject to the attachment is a question to be litigated between the claimants, and it in no manner affects the surety's express covenant to restore. It was its duty under the terms of its bond to redeliver the attached property to the proper officer. ■ By the filing of the bond, the writ of attachment was released, and with it the claim of plaintiff to the fund attached. The bond here sued upon provided that upon the release of the attachment defendant would redeliver the property attached or, in default thereof, would pay the full value of the property released. ■ The recitals of an undertaking given to procure the release of property from attachment are conclusive. as between the parties thereto, and in an action upon the undertaking the surety is estopped to

deny that the property levied upon was not subject to an attachment, or that it did not belong to the debtor. (*Pierce* v. *Whiting,* 63 Cal. 538.) Whether the property belongs to a third person, or for any legal reason was not subject to the attachment, are, as we have said, questions to be litigated between the adverse claimants, and they in no manner affect the covenants of the surety. (*McCormick* v. *National Surety Co.,* 134 Cal. 510 [66 Pac. 741]; *Hesser* v. *Rowley,* 139 Cal. 410 [73 Pac. 156]; *Tormey* v. *McIntosh,* 43 Cal. App. 411 [184 Pac. 1012].) ■ The attachment undertaking constitutes an original, independent and absolute contract on the part of the sureties. (*Heine* v. *Wright,* 76 Cal. App. 338 [244 Pac. 955]; 3 Cal. Jur., p. 531.) ■ Upon the determination of the action in which the attachment issued in plaintiff's favor, it was the duty of the surety, on demand, to restore the money on deposit with the bank to the sheriff, so that execution could have issued thereon.

From what has been said, it follows that the findings of the trial court are not supported by the evidence. Respondent urges the further claim in support of the judgment that the action was prematurely filed, for the reason that no execution was issued and returned unsatisfied before the commencement of the action, as required by section 552 of the Code of Civil Procedure. ■ There can be no question that a complaint in an action on an undertaking, given to obtain the release of attached property, which does not show that the remedy by execution has been regularly pursued, and that the execution has been regularly returned unsatisfied in whole or in part before the action was commenced, is bad on general demurrer. ■ But no demurrer was here interposed, nor was any such question raised in the court below. The complaint alleged the demand upon the surety and its refusal to pay. While the complaint does not allege that the demand was made through execution, the demand as alleged is sufficient in the absence of demurrer. Then again it affirmatively appears from the record that the Pettigrew Company was insolvent, and the issuance of an execution against it would be a futility. ■ The issuance of an execution against an insolvent debtor is not a condition precedent to an action on an undertaking against a surety on the bond given for the redelivery of attached property.

(*Rosenthal* v. *Perkins*, 123 Cal. 240 [55 Pac. 804]; 3 Cal. Jur. 518.)

For the reasons given the judgment is reversed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1930.