[Civ. No. 30422.   Second Dist., Div. Four.   Sept. 11, 1967.]

SIDNEY SKOLSKY, Plaintiff and Respondent, v. NA-
TIONAL AUTOMOBILE AND CASUALTY INSUR-
ANCE CO., Defendant and Appellant.

Kurtzman & Sarfaty and Joseph Sarfaty for Defendant and Appellant.

Harold A. Abeles, Joseph B. Copelan and Earl Warren, Jr., for Plaintiff and Respondent.

FILES, P. J.—This action against the surety on a release of attachment undertaking resulted in a summary judgment for plaintiff, in the amount of $50,000 plus interest, from which defendant appeals. This is the undertaking which was given to release the attachment in *Skolsky* v. *Electronovision Productions, Inc., ante,* p. 246 [62 Cal.Rptr. 91] 2 CIV 30504.

The complaint in the instant action states in substance as follows: In March 1965 plaintiff commenced an action against Electronovision and obtained an attachment of some property of the latter. That property was released pursuant to an undertaking by defendant National Automobile and Casualty Insurance Co. On September 2, 1965, a judgment was entered in favor of plaintiff and against Electronovision in the amount of $81,166.70. Plaintiff has demanded payment of $50,000 by National, but National has refused to pay.

Two formal omissions from the complaint must be disposed of before we reach the substance of the matter.

*First,* although the complaint alleges that ''A copy of said undertaking marked Exhibit A is attached hereto. . . .'' there is no Exhibit A. We assume this was an oversight. The trial court and the attorneys were aware that the original undertaking was on file in the superior court action entitled *Skolsky* v. *Electronovision Productions, Inc., et al.,* No. C855310. Doubtless the superior court took judicial notice of the original in its file, and we shall do the same. (Evid. Code, § 459.)

*Second,* there is no allegation that execution issued upon the judgment and was returned unsatisfied, which the code calls for as a prerequisite to an action upon the under-

taking. (See Code Civ. Proc., § 552; *Passow & Sons* v. *United States Fid. & Guar. Co.,* 177 Cal. 31, 34 [170 P. 1124].) However, the issuance and return of a writ of execution is in most cases a pure formality, and the omission of such a procedure ordinarily will not affect the substantial rights of the defendant. Hence it has been held that if the defendant does not raise the point in the trial court by demurrer or otherwise, the judgment cannot be reversed on that ground. (*Barrios & Co., Inc.* v. *Indemnity Ins. Co.,* 101 Cal.App. 675, 679 [282 P. 386]; see 2 Witkin, Cal. Procedure (1954) Pleading, § 487, p. 1475.)

The judgment must be reversed because of plaintiff's failure to allege or prove the value of the property which was attached.

The undertaking, which was given to the levying officer pursuant to Code of Civil Procedure section 540, states that "National . . . does hereby undertake in the sum of Fifty thousand and no/100 ($50,000.00) Dollars, and promise that in case the Plaintiff recover judgment in the action, Defendants will on demand, pay to Plaintiff the full value of the property released, not exceeding the amount of such judgment." This undertaking does not impose any liability upon National for more than the value of the property attached. (*Curtin* v. *Harvey,* 120 Cal. 620 [52 P. 1077].)

The showing made in support of the motion for summary judgment contains no proof of the value of the property which was attached, nor even any information as to the nature of that property except for the declaration of plaintiff's attorney "that a motion picture entitled 'Harlow' was attached." This omission is a defect of substance. For all we know the levy may have reached nothing but the salvage value of some used film. (See *Stephens* v. *Cady,* 55 U.S. (14 How.) 528 [14 L.Ed. 528].)

The judgment is reversed.

Jefferson, J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 8, 1967.